FILED          ENTERED
LODGED         RECEIVED

NOV 06 2009    LK

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

1

2

3

4

5

6                  UNITED STATES DISTRICT COURT
7                  WESTERN DISTRICT OF WASHINGTON
                            AT SEATTLE

8  HENRY AND ROSE VAWTER,              NO. **C09-1585** JLR

9           Plaintiffs                 NOTICE OF REMOVAL

10      v.

11  QUALITY LOAN SERVICE CORPORATION
    OF WASHINGTON; PAUL FINANCIAL,
12  LLC; TWIN CAPITAL MORTGAGE;        
    MORTGAGE ELECTRONIC
13  REGISTRATION SYSTEMS; JP MORGAN
    CHASE BANK; and Doe Defendants 1 through    **09-CV-01585-CMP**
14  20, inclusive,

15           Defendants.

16

17      TO:        THE CLERK OF THE COURT;

18      AND TO:    MELISSA A. HUELSMAN, Melissa A. Huelsman, P.S., plaintiffs'
                   attorneys of record.
19

20      PLEASE TAKE NOTICE THAT Defendant PAUL FINANCIAL, LLP, pursuant to 28

21  U.S.C. §§ 1331, 1441 and 1446 hereby gives formal notice of removal of this action to the

22  United States District Court for the Western District of Washington at Seattle from King

23  County Superior Court. The removal of this action is premised upon original jurisdiction.

24  Defendant states the grounds for removal as follows:

25

NOTICE OF REMOVAL - 1                    **Williams, Kastner & Gibbs PLLC**
()                                       601 Union Street, Suite 4100
                                         Seattle, Washington 98101-2380
                                         (206) 628-6600

2673744.1                    ORIGINAL

1   1.   Defendant Paul Financial, LLP is represented by the undersigned counsel at

2 Williams Kastner & Gibbs, PLLC and has consented to removal.

3   2.   Defendant JP Morgan Chase Bank is represented in this matter by Davis Wright

4 Tremaine, LLP and has consented to removal as evidenced by the attached Exhibit A.

5   3.   Defendant Twin Capital Mortgage, Inc. is represented in this matter by

6 Ambrose Law Group, LLC and has consented to removal as evidence by the attached Exhibit

7 B.

8   4.   Defendant Quality Loan Service Corporation of Washington has not yet

9 appeared in this action but has consented to removal as evidenced by Exhibit C.

10   5.   The consent of defendant Mortgage Electronic Registration Systems is not

11 required because plaintiff has not served said defendant with service of process. *Salveson v.*

12 *Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984).

13   6.   Plaintiffs served the Summons and Complaint on (1) defendant Quality Loan

14 Service Corporation of Washington on September 10, 2009; (2) defendant Paul Financial, LLC

15 on October 9, 2009; (3) and defendant Twin Capital Mortgage, Inc. on October 12, 2009.

16 Plaintiffs filed their Complaint in King County Superior Court on August 21, 2009, under King

17 County Cause No. 09-2-31265-6 SEA. The Western District of Washington has adopted the

18 "last-served" rule, meaning that the 30-day period to file, or join in, a notice of removal begins

19 to run on the day of service on the last-served defendant. *Myer v. Nitetrain Coach Co., Inc.*,

20 459 F. Supp. 2d 1074, 1078-79 (W.D. Wash. 2006). Therefore, removal is timely under 28

21 U.S.C. § 1446(b).

22   7.   Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders

23 served upon defendants, which papers include the Summons and Complaint, are attached as

24 Exhibit D.

25

NOTICE OF REMOVAL - 2
()

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2673744.1

8.      This Court has original jurisdiction over plaintiffs' action under 28 U.S.C. § 1331, as plaintiffs have alleged a violation the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* The Court has jurisdiction over plaintiffs' state law claims under 28 U.S.C. § 1367.

9.      This Court is the proper venue under 28 U.S.C. § 1441(a) because it is in the district and division that embraces the place where the state court action has been initiated.

10.     Defendants hereby remove this case from King County Superior Court to the United States District Court for the Western District of Washington at Seattle.

11.     Promptly upon filing this Notice of Removal, defendants will provide a written notice to plaintiffs in accordance with 28 U.S.C. §1446(d).  Defendants will likewise file a copy of the Notice of Removal with the Clerk of the King County Superior Court.

12.     By seeking removal, defendants do not waive any defenses, including but not limited to lack of personal jurisdiction, insufficiency of process, or insufficiency of service of process.

13.     Defendant reserves the right to amend or supplement this Notice of Removal.

14.     This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.

Wherefore, having fulfilled the statutory requirements for removal of this action, defendants hereby remove this action from the Superior Court of Washington for King County to the United States District Court for the Western District of Washington.

NOTICE OF REMOVAL - 3
()

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2673744.1

1

DATED this 6th day of November, 2009.

2

By s/John T. Fetters, WSBA#40800

3

Dana A. Ferestien, WSBA #26460
John T. Fetters, WSBA #40800

4

WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100

5

Seattle, WA  98101-2380

Telephone:     (206) 628-6600

6

Fax:           (206) 628-6611
Email:         dferestien@williamskastner.com

7

jfetters@williamskastner.com

8

Attorneys for Defendant Paul Financial, LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

NOTICE OF REMOVAL - 4
()

2673744.1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I filed the foregoing with the Clerk of the Court on November 6,

2009, and we caused to be served on the following counsel in the manner indicated below:

Melissa A. Huelsman, WSBA #30935
MELISSA A. HUELSMAN, P.S.
705 Second Avenue, Suite 501
Seattle, Washington 98104
(206) 447-0103
(206) 447-0115 Facsimile
Mhuelsman@predatorylendinglaw.com

    ☒ Via Legal Messenger
    ☐ Via Facsimile
    ☐ Via electronic mail (ECF)
    ☐ Via U.S. Mail
    ☐ Via Overnight Courier

Attorneys for plaintiffs

Fred Burnside, WSBA #32491
Matthew Sullivan, WSBA #40873
DAVIS WRIGHT TREMAINE, LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101-3045
(206) 622-3150
(206) 757-7700 Facsimile
FredBurnside@dwt.com
matthewsullivan@dwt.com

    ☒ Via Legal Messenger
    ☐ Via Facsimile
    ☐ Via electronic mail (ECF)
    ☐ Via U.S. Mail
    ☐ Via Overnight Courier

Attorneys for defendant JP Morgan Chase Bank

Christopher R. Ambrose, WSBA #26237
AMBROSE LAW GROUP, LLC
200 Buddha Building
312 NW Tenth Avenue
Portland, Oregon 97209
(503) 222-0552
(503) 222-0984 Facsimile
crambrose@ambroselaw.com

    ☐ Via Legal Messenger
    ☐ Via Facsimile
    ☒ Via electronic mail (ECF)
    ☐ Via U.S. Mail
    ☐ Via Overnight Courier

Attorneys for defendant Twin Capital Mortgage,
Inc.

NOTICE OF REMOVAL - 5
0

2673744.1

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Joni M. Derifield
MCCARTHY & HOLTHUS, LLP
19735 10th Ave NE, Suite N-200
Poulsbo, WA 98370
(206) 319-9100
(206) 780-6862 Facsimile
jderifield@mccarthyholthus.com

☐ Via Legal Messenger
☐ Via Facsimile
☒ Via electronic mail (ECF)
☐ Via U.S. Mail
☐ Via Overnight Courier

Attorneys for defendant Quality Loan Service
Corporation of Washington

DATED this 6th day of November, 2009.

By s/John T. Fetters, WSBA#40800
Dana A. Ferestien, WSBA #26460
John T. Fetters, WSBA #40800
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA  98101-2380
Telephone:    (206) 628-6600
Fax:              (206) 628-6611
Email:          dferestien@williamskastner.com
                    jfetters@williamskastner.com

Attorneys for Defendant Paul Financial, LLC

NOTICE OF REMOVAL - 6
0

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2673744.1

1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

HENRY AND ROSE VAWTER,

NO.

9

Plaintiffs

JOINDER IN NOTICE OF REMOVAL
OF ACTION BY DEFENDANT JP
MORGAN CHASE BANK

10

v.

11

QUALITY LOAN SERVICE CORPORATION
OF WASHINGTON; PAUL FINANCIAL,
LLC; TWIN CAPITAL MORTGAGE;
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS; JP MORGAN
CHASE BANK; and Doe Defendants 1 through
20, inclusive,

12

13

14

15

Defendants.

16

17

Defendant JP Morgan Chase Bank, N.A., as the acquirer of certain assets and liabilities

18

of Washington Mutual from the FDIC, acting as receiver, hereby joins in defendant Paul

19

Financial, LLC's Notice of Removal to this Court of the state court action described in the

20

Notice of Removal.

21

//

22

//

23

//

24

//

25

//

JOINDER IN NOTICE OF REMOVAL OF ACTION BY
DEFENDANT JP MORGAN CHASE BANK, N.A. - 1
0

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

DWT 13540616v1 0036234-000028

EXHIBIT A

1    DATED this 5th day of November, 2009.

2

3                                      Davis Wright Tremaine LLP
                                       Attorneys for Defendants JPMorgan Chase
4                                      Bank, N.A., as acquirer of certain assets and
                                       liabilities of WaMu from the FDIC, acting
5                                      as receiver, and Bank of America, N.A.

6

7                                 By

8                                      Fred Burnside, WSBA #32491
                                       Matthew Sullivan, WSBA #40873
9                                      1201 Third Avenue, Suite 2200
                                       Seattle, Washington  98101-3045
10                                     Telephone: (206) 757-8016
                                        Fax: (206) 757-7016
11                                     e-mail: fredburnside@dwt.com
                                       e-mail: matthewsullivan@dwt.com
12

13

14

15

16

17

18

19

20

21

22

23

24

25

JOINDER IN NOTICE OF REMOVAL OF ACTION BY
DEFENDANT JP MORGAN CHASE BANK, N.A. - 2
0

DWT 13540616v1 0036234-000028

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HENRY AND ROSE VAWTER,

      Plaintiffs

      v.

QUALITY LOAN SERVICE CORPORATION
OF WASHINGTON; PAUL FINANCIAL,
LLC; TWIN CAPITAL MORTGAGE;
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS; JP MORGAN
CHASE BANK; and Doe Defendants 1 through
20, inclusive,

      Defendants.

NO.

JOINDER IN NOTICE OF REMOVAL
OF ACTION BY DEFENDANT TWIN
CAPITAL MORTGAGE, INC.

Defendant Twin Capital Mortgage, Inc. hereby joins in defendant Paul Financial,
LLC's Notice of Removal to this Court of the state court action described in the said Notice of
Removal.

DATED this 5th day of November, 2009.

By s/
Christopher Ambrose

Attorneys for defendant Twin Capital
Mortgage, Inc.

JOINDER IN NOTICE OF REMOVAL OF ACTION BY
DEFENDANT TWIN CAPITAL MORTGAGE, INC. - 1
()

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

EXHIBIT 

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HENRY AND ROSE VAWTER,

        Plaintiffs

    v.

QUALITY LOAN SERVICE CORPORATION
OF WASHINGTON; PAUL FINANCIAL,
LLC; TWIN CAPITAL MORTGAGE;
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS; JP MORGAN
CHASE BANK; and Doe Defendants 1 through
20, inclusive,

        Defendants.

NO.

JOINDER IN NOTICE OF REMOVAL
OF ACTION BY DEFENDANT
QUALITY LOAN SERVICE
CORPORATION OF WASHINGTON

      Defendant Quality Loan Service Corporation of Washington hereby joins in defendant

Paul Financial, LLC's Notice of Removal to this Court of the state court action described in the

said Notice of Removal.

      DATED this 5th day of November, 2009.

                        MCCARTHY & HOLTHUS, LLP

                        By s/ Joni M. Derifield_____

                        Attorneys for defendant Quality Loan Service
                        Corporation of Washington

McCarthy & Holthus LLP
19735 10th Ave NE, Suite N-200
Poulsbo WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

EXHIBIT C

 **King Superior Court**
09-2-31265-6

---

Information on King County Superior Court Case #: 09-2-31265-6
Search Title: 900.0504: 09-2-31265-6 - WA Superior

Performed on: Thu Nov 5 2009 9:02:12 PST
Client/Matter Number: 900.0504
Case #: 09-2-31265-6

| | | | | | |
|---|---|---|---|---|---|
| Summary | Names | Docket | Documents | Attorneys | Schedule |

## SUMMARY Information

**Title:** VAWTER ET ANO VS QUALITY LOAN SERVICE CORP OF WASHINGTON ET AL
**Judgment#:** NO
**Filed:** 08/21/2009
**Cause of Action:** TORT-OTHER
**Resolution:**
**Completion:**
**Case Status:** 08 21 2009 - ACTIVE
**Consolidated cases:**
**Note #1:**
**Note #2:**
**Off-line Date:**

**Records Located:** Seattle
**Judge Id:** 13
**Additional Info:**

**Resolution Date:**
**Completion Date :**

**Restore Date:**

## NAMES Information

\* - Total participants 9. Click on the BAR number (or SCOMIS ID) for more detail.

| | |
|---|---|
| **Name:** | VAWTER, HENRY |
| **Relation to Case:** | PLA01 |
| **Date:** | |
| **Name:** | VAWTER, ROSE |
| **Relation to Case:** | PLA02 |
| **Date:** | |
| **Name:** | QUALITY LOAN SERVICE CORP OF WASHINGTON |
| **Relation to Case:** | DEF01 |
| **Date:** | |
| **Name:** | PAUL FINANCIAL |
| **Relation to Case:** | DEF02 |
| **Date:** | |
| **Name:** | TWIN CAPITAL MORTGAGE |
| **Relation to Case:** | DEF03 |
| **Date:** | |
| **Name:** | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS |
| **Relation to Case:** | DEF04 |
| **Date:** | |
| **Name:** | JP MORGAN CHASE BANK |
| **Relation to Case:** | DEF05 |
| **Date:** | |
| **Name:** | HUELSMAN, MELISSA ANN |
| **Relation to Case:** | ATP01 |
| **Litigants:** | 4, 5 |
| **Date:** | |
| **Bar#:** | 30935 Washington State BAR Association number |
| **Name:** | AMBROSE, CHRISTOPHER RAY |
| **Relation to Case:** | ATD01 |
| **Litigants:** | 3 |
| **Represented Parties:** | TWIN CAPITAL MORTGAGE (DEF03) |
| **Date:** | |
| **Bar#:** | 26237 Washington State BAR Association number |

## DOCKET Information

| Item Number | Date | Court Code | Description/Name | Secondary Information |
|---|---|---|---|---|
| 1 | 08 21 2009 | CMP | COMPLAINT | |
| 2 | 08 21 2009 | *ORSCS | SET CASE SCHEDULE | 02-07-2011ST |
| | | JDG13 | JUDGE THERESA B. DOYLE, DEPT 13 | |
| 3 | 08 21 2009 | CICS | CASE INFORMATION COVER SHEET | |
| | | LOCS | ORIGINAL LOCATION - SEATTLE | |
| 4 | 08 24 2009 | NTMDLF | NOTE FOR MOTION DOCKET-LATE FILING | 08-27-2009 |
| 5 | 08 24 2009 | AFSR | AFFIDAVIT/DCLR/CERT OF SERVICE | |
| 6 | 08 25 2009 | AFSR | AFFIDAVIT/DCLR/CERT OF SERVICE | |
| 7 | 09 14 2009 | AFSR | AFFIDAVIT/DCLR/CERT OF SERVICE | |
| 8 | 09 16 2009 | NTAPR | NOTICE OF APPEARANCE /JPMORGAN /MORTGAGE ELEC REGISTRATION | |
| 9 | 10 07 2009 | AFSR | AFFIDAVIT/DCLR/CERT OF SERVICE | |
| 10 | 10 19 2009 | AFSR | AFFIDAVIT/DCLR/CERT OF SERVICE | |
| 11 | 10 19 2009 | AFSR | AFFIDAVIT/DCLR/CERT OF SERVICE | |
| 12 | 10 29 2009 | NTAPR | NOTICE OF APPEARANCE /TWIN CAP | |

## DOCUMENT Information (⊟ Hide this section.)

| Select | Doc | Date | Pages | Description |
|---|---|---|---|---|
| | 1 | 08/21/2009 | 19 | COMPLAINT |
| | 2 | 08/21/2009 | 6 | SET CASE SCHEDULE |
| | 3 | 08/21/2009 | 1 | CASE INFORMATION COVER SHEET |
| | 4 | 08/24/2009 | 2 | NOTE FOR MOTION DOCKET-LATE FILING |
| | 5 | 08/24/2009 | 1 | AFFIDAVIT/DCLR/CERT OF SERVICE |
| | 6 | 08/25/2009 | 1 | AFFIDAVIT/DCLR/CERT OF SERVICE |
| | 7 | 09/14/2009 | 2 | AFFIDAVIT/DCLR/CERT OF SERVICE |
| | 8 | 09/16/2009 | 2 | NOTICE OF APPEARANCE /JPMORGAN /MORTGAGE ELEC REGISTRATION |
| | 9 | 10/07/2009 | 1 | AFFIDAVIT/DCLR/CERT OF SERVICE |



| 10 | 10/19/2009 | 2 | AFFIDAVIT/DCLR/CERT OF SERVICE |
| 11 | 10/19/2009 | 2 | AFFIDAVIT/DCLR/CERT OF SERVICE |
| 12 | 10/29/2009 | 3 | NOTICE OF APPEARANCE /TWIN CAP |

## Schedule Information

| Begin Date: Imposed | 08 28 2009 Event | | Track: Due | CN CIVIL TRACK - NORMAL Completed |
|---|---|---|---|---|
| 08/28/2009* | AFFIDAVIT / CONFIRMATION OF SERVICE | | 09/18/2009 | |
| 08/28/2009* | DEADLINE TO FILE STMT ARBITRABILITY | | 01/29/2010 | |
| 08/28/2009* | CONFIRMATION OF JOINDER | | 01/29/2010 | |
| 08/28/2009* | DEADLINE TO TRANSFER CT PROCEEDINGS | | 02/12/2010 | |
| 08/28/2009* | STATUS CONFERENCE | | 02/12/2010 | |
| 08/28/2009* | DISCLOSURE POSS PRIMARY WITNESSES | | 09/07/2010 | |
| 08/28/2009* | JOINT STATUS REPORT | | | |
| 08/28/2009* | DISCLOSURE POSS REBUTTAL WITNESSES | | 10/18/2010 | |
| 08/28/2009* | DEADLINE TO FILE JURY DEMAND | | 11/01/2010 | |
| 08/28/2009* | FINAL DATE TO CHANGE TRIAL | | 11/01/2010 | |
| 08/28/2009* | DISCOVERY CUTOFF | | 12/20/2010 | |
| 08/28/2009* | EXCHANGE WITNESS/EXHIBIT LISTS | | 01/18/2011 | |
| 08/28/2009* | DISPOSITIVE PRETRIAL MOTIONS | | 01/24/2011 | |
| 08/28/2009* | DEADLINE TO COMPLY WITH ADR | | | |
| 08/28/2009* | JOINT STATEMENT OF EVIDENCE | | 01/31/2011 | |
| 08/28/2009* | SCHEDULED TRIAL DATE | | 02/07/2011 | |

## ATTORNEY Information

| Name: | Melissa Ann Huelsman |
|---|---|
| | 705 2nd Ave Ste 501 |
| | Seattle, WA 98104-1715 |
| Relation: | |
| Bar number: | 30935 |
| Phone: | (206)447-0103 |
| Email: | Mhuelsman@predatorylendinglaw.com |
| Data source: | Washington State BAR Association |

Last Reported:
Fax Number: (206)447-0115

Status: Active

| Name: | Christopher Ray Ambrose |
|---|---|
| | 322 NW 6th Ave Ste 100 |
| | Portland, OR 97209-3682 |
| Relation: | |
| Bar number: | 26237 |
| Phone: | (503) 467-7209 |
| Email: | crambrose@ambroselaw.com |
| Data source: | Washington State BAR Association |

Last Reported:
Fax Number: (503) 467-7210

Status: Active

NOTE: "The Washington State Administrative Office of the Courts and the Washington State courts do not warrant that the information is accurate or correct and deny liability for any damages resulting from the release or use of the data. In order to assure or verify the accuracy of the information or data received, the customer should personally consult the "official" record reposing at the court of record.

Copyright 2009 CourtTrax Corporation - info@courttrax.com

FILED

09 AUG 21 PM 2:01

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 09-2-31265-6 SEA

1

2

3

4

5

6

7
SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

8

9
HENRY AND ROSE VAWTER

                  Plaintiffs,

10

v.

11
QUALITY LOAN SERVICE CORPORATION
OF WASHINGTON; PAUL FINANCIAL, LLC;

12
TWIN CAPITAL MORTGAGE; MORTGAGE;
ELECTRONIC REGISTRATION SYSTEMS;

13
JP MORGAN CHASE BANK and Doe
Defendants 1 through 20, inclusive,

14

15

                  Defendants.

16

Case No.

COMPLAINT FOR TEMPORARY
AND PERMANENT RESTRAINING
ORDER; INFLICTION OF
EMOTIONAL DISTRESS; BREACH OF
FIDUCIARY OR QUASI-FIDUCIARY
DUTY; VIOLATIONS OF THE
CONSUMER PROTECTION ACT;
VIOLATIONS OF THE TRUTH IN
LENDING ACT, 15 U.S.C. §1601, *et seq.*

## I. PARTIES

17

18
      1.1    Plaintiffs Henry Vawter and Rose Vawter, who are a resident of King County,

19
Washington, and pleads the following allegations, states that those allegations are true of their

20
own knowledge, except as to matters stated on information and belief, and as to those matters,

21
they believes them to be true.

22
      1.2    Defendant Quality Loan Service Corporation ("QLS") is a Washington

23
corporation which acts as a foreclosing trustee in connection with foreclosing on deeds of trust

24
secured by real property located in King County, Washington and in other counties within the

25
State of Washington.  Defendant QLS is in the process of trying to complete a foreclosure of

26

27

COMPLAINT  - 1

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 501
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

1    the Vawters' home, which is scheduled to take place on August 28, 2009.

2        1.3    Defendant Paul Financial, LLC ("Paul Financial") is registered as a California

3    corporation which was registered as a foreign corporation with the Washington Secretary of

4    State until it reported being dissolved as of April 23, 2008.  However, Paul Financial, LLC is

5    currently listed as an active Delaware corporation by the California Secretary of State as of the

6    date of the filing of this Complaint.  Defendant Paul Financial was NOT ever licensed as a

7    consumer loan company with the Washington State Department of Financial Institutions, as

8    required under Washington law.  Nevertheless, Defendant Paul Financial did provide mortgage

9    lending services to the citizens of the State of Washington in 2007, and potentially before and

10   after that year, in contravention of Washington law. In connection with that lending business,

11   Defendant Paul Financial did obtain a security interest in real property located in Washington

12   state and in particular, in the Plaintiffs' real property.

13       1.4    Defendant Twin Capital Mortgage ("Twin Capital") is a California corporation

14   which was registered as a foreign corporation with the State of Washington until it was

15   dissolved on April 1, 2009.  Defendant Twin Capital is still an active California corporation

16   with offices located in California.  Defendant Twin Capital was also previously licensed as a

17   mortgage broker with the Washington State Department of Financial Institutions until its

18   licensed was terminated on or before December 31, 2007.  Defendant Twin Capital did engage

19   in the business of brokering mortgage loans for borrowers in the State of Washington and

20   providing mortgage brokering services.  However, in connection with the Plaintiffs' loan, as

21   described more fully below, Defendant Twin Capital did utilize the services of loan originators

22   who were not properly licensed with the State of Washington and/or who did not even apply to

23   become loan originators in the State of Washington, as required by its laws.

COMPLAINT  - 2

LAW OFFICES OF
MELISSA A. HUELSMAN, P.S.
705 SECOND AVENUE, SUITE 501
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

1.5     Defendant Mortgage Electronic Registration Systems ("MERS") is a corporation located in Virginia which was NOT registered or licensed to conduct business in the State of Washington at the time of the transaction complained of herein.  Nevertheless, MERS conducts business in the State of Washington by purporting to obtain a beneficiary interest in Deeds of Trust that constitute liens on real property located in Washington, including the Plaintiff's real property.

1.6     Defendant JP Morgan Chase Bank , National Association ("JP Morgan") is a national bank which has offices and branches located in the State of Washington.  Defendant JP Morgan also provides mortgage lending and mortgage servicing services to homeowners across the country, including in Washington state.  Defendant JP Morgan purports to be the owner/ holder of the Plaintiffs' mortgage loan and Promissory Note and/or the mortgage loan servicer.  Plaintiffs cannot properly ascertain its real role in connection with their mortgage loan.  However, Defendant JP Morgan, by and through its purported "Attorney in Fact", Christina Allen, to appoint Defendant Quality as the Successor Trustee under a Deed of Trust which secured debt that the Vawters owe to Defendant Paul Financial that is secured by their real property located in King County, Washington.

1.7     The true names and capacities of Does 1 through 20, inclusive, whether individual, corporate, partnership, associate or otherwise, are presently unknown to Plaintiffs, who therefore sues said Defendants by such fictitious names.  Plaintiffs alleges, based upon information and belief, that each Defendant is responsible in some manner for the events described herein and is liable to Plaintiffs for the damages he has incurred.  Plaintiffs will amend this Complaint to show the true names and capacities of the Doe Defendants when the same have been ascertained.

COMPLAINT  - 3

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 501
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

1.8    At all times mentioned herein, the Defendants, and each of them, were the agents, servants, representatives and/or employees of each of the remaining Defendants and were acting within the course and scope of such agency or employment.  The exact terms and conditions of the agency, representation or employment relationships are presently unknown to Plaintiff, but when the information is ascertained, leave of court will be sought to insert the appropriate allegations.

## II. FACTUAL ALLEGATIONS

2.1    The Vawters are an elderly couple living on Social Security benefits and a small retirement pension in their home where they have resided for more than 38 years.  Because the Vawters are on a fixed income, they have had financial difficulties in the last several years related to their inability to maintain mortgage payments and contend with medical expenses and necessary home repairs.  Sometime in late 2006 and early 2007 the Vawters were solicited regarding a new mortgage loan by Defendant Twin Capital.  They received mailings which indicated that they could refinance their home at a better interest rate and reduce their monthly payments.  The Vawters were in need of some cash because they were required to make major repairs to the plumbing at their home and they did not have the funds to pay for it themselves.

2.2    The Vawters were contacted by Defendant Twin Capital to ask about getting a new mortgage loan.  The Vawters spoke with a man who identified himself as Brad Butler. The Vawters were advised that they could get a new loan at fantastic interest rates that would reduce their payment amounts significantly, even though they needed to get cash out of the transaction.  The Vawters were also advised that they could use the new loan to pay off all of their outstanding debts.  The Vawters then agreed to submit a loan application, and they did so by telephone, providing Mr. Butler and Defendant Twin Capital with the relevant information

COMPLAINT  - 4

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 501
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

1    about their income and assets.  The Vawters provided Mr. Butler will completely accurate

2    financial information, including their income from Social Security and from the pension.  At

3    that time the Vawters had some of their family members living in the home and were receiving

4    sporadic contributions from these family members.  They are unsure if they told Mr. Butler

5    about this income since it was not guaranteed.  Their total monthly income, without any family

6    contributions, was approximately $1,700.00.  The Vawters now know and understand that Mr.

7
8    Butler or someone else at Defendant Twin Capital completed a loan application for the Vawters

9    which did not list any income at all.  The loan application, purportedly signed by Mr. Butler on

10   January 17, 2007 (it is actually dated 1/17/06, but presumably this was simply a scrivener's

11   error since the date was close to the change in year), indicates that the Vawters' current

12   monthly payment is $1,726.00 on the mortgage, and that the new payment would be $1,377.00

13   with an interest rate on the loan of **2.95%** on a "5/1 Fixed Pick-A-Payment" loan.  The Vawters

14   did not have and still do not have any understanding of what an adjustable rate loan is nor did

15   they request one.  They understood that they were going to get a fixed rate loan because that is

16   what they asked for and understood.

17
18          2.3     The Vawters received a letter from Defendant Twin Capital sometime in

19   January 2007, but they are unsure of the exact date.  The letter is dated January 16, 2007 –

20   consistent with the purported signature of Mr. Butler on the loan application.  However, the

21   copy of the application which was included with that letter has a date stamp in the lower right

22   corner of January 18, 2007 and the Vawters did not date stamp the document.  Therefore, they

23   maintain that the documents were not placed in the mail until at least January 18, 2007 by

24   someone at Defendant Twin Capital.  (Numerous other documents which accompanied the

25   letter have this same date stamp.)  The letter asked the Vawters to return to Defendant Twin

26
27

COMPLAINT  - 5

LAW OFFICES OF
MELISSA A. HUELSMAN, P.S.
705 SECOND AVENUE, SUITE 501
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

1   Capital some documentation, including information about their homeowners' insurance, their

2   mortgage recent mortgage statement and their most recent bank, savings and investment

3   account statements. The letter did NOT ask for any documentation of their income.

4          2.4    Also included with the Twin Capital letter dated January 16, 2007 was a Good

5   Faith Estimate ("GFE") bearing that same date in the upper right corner, with the date stamp of

6   January 18, 2007 in the lower right corner. That document indicates that Defendant Twin

7   Capital was proposing a loan for the Vawters in the amount of $306,000 with an interest rate of

8   2.95%. The mortgage broker fee was listed as $3,519.13, with another $3,855.00 in additional

9   junk fees added in which served no legitimate purpose except to inflate the profits of Defendant

10  Twin Capital. Included in those junk fees was $255.00 as a courier fee. There is no reason that

11  the Vawters needed or should have paid a fee for a "courier" in order to obtain a mortgage loan.

12         2.5    The Vawters did not understand the contents of the documents which were sent

13  by Defendant Twin Capital, but they continued to work with that entity to try to get a mortgage

14  loan because they believed it was in their best interests to do so. After receiving this

15  information Defendant Twin Capital, they did not ever receive any similar or legally required

16  documentation from Defendant Paul Financial by the mail or otherwise prior to loan signing.

17  In fact, it was not until they were actually signing loan documents that the Vawters knew who

18  the entity was that was making their mortgage loan. Sometime in late January or early

19  February 2007, Defendant Twin Capital advised the Vawters that someone would come to their

20  home to have them sign loan documents. The Vawters were contacted by a female notary who

21  arranged to come to their home to conduct the loan signing. The notary came to their home and

22  had them sign the entire loan package, without affording them an opportunity to review the

23  loan documents prior to signing.

COMPLAINT - 6

LAW OFFICES OF
MELISSA A. HUELSMAN, P.S.
705 SECOND AVENUE, SUITE 501
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

2.6     The Vawters do have documents from Defendant Paul Financial which appear to be an attempt to comply with the federal lending disclosure laws.  The packets are dated **February 6, 2007** on the cover page, but the GFE included there indicates that it was not prepared until **February 7, 2007.**  This GFE indicates that the entire amount of the Vawters' closing costs will be **$2,016.75**, and that Defendant Paul Financial will pay Defendant Twin Capital a yield spread premium of **$4,920.00.**  As explained more fully below, these amounts bear no resemblance whatsoever to the actual amounts charged to the Vawters.  It also notes that there will not be a prepayment penalty. The Note rate is listed as **7.652%**, total loan amount is listed as $328,000.00 and the type of loan is nor identified.  The principal and interest payments are listed as being **$1,297.34.**  The TILA disclosure documentation, however, indicates that the annual percentage rate is listed as **7.948%** and in virtually indecipherable language not on the TILA disclosure document itself, it is evident that the loan is a 5 year adjustable rate loan amortized over 30 years.  The TILA Disclosure document indicates that the rate will adjust for the first time in 4 years, except that the years it will change are listed as 1900, 1904, 1905, etc.  The Vawters believe that these documents were either brought by the notary or were sent to them after the loan signing took place.

2.7     The notary had arranged originally to be at the house earlier in the afternoon so that the Vawters daughter Elizabeth could be present to help them through the process.  However, the notary had arrived hours late and Elizabeth had to leave because she had a previous engagement.  The Vawters are unsure of the date that they signed the loan documents because they do not have a single document in their possession which bears their signature and has the signature dated.  Some of the documents have a typed date of February 19, 2007 on them, but the notary did not provide the Vawters with copies of the signed documents.  Instead

COMPLAINT  - 7

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 501
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

1   the notary left them with blank copies, which he told them constituted exact replicas of the

2   documents they signed, but the Vawters have no way of knowing whether this is true or not.

3   More importantly, the Notice of Right to Cancel documents are completely blank where dates

4   are supposed to be inserted, and the notary did not leave the correct number of documents as

5   required under federal law.

6

7        2.8    Included in the stack of documents left at the Vawters' residence is a version of

8   the loan application which indicates that they are applying for a loan in the amount of

9   **$328,000.00** and with an interest rate of **1.000%**, and it is noted as an "other" type loan, "pick a

10  pay". That application lists a total income for the Vawters of **$7,331.25**! This is more than

11  FOUR times their actual income! The income is reported as being entirely comprised of Social

12  Security benefits and a pension, but the amounts are ridiculously inflated. The Vawters did not

13  see this information when they signed the documents. They were simply told where to sign by

14  the traveling notary, and they did so. There is another unsigned version of the loan application

15  left at the Vawters' residence which indicates that they applied for the loan on "02/06/07".

16  This document also has the completely falsified income information.

17

18       2.9    The Vawters never received a final HUD-1 Settlement Statement from the

19  California escrow company that provided the escrow services. Instead, including in the

20  documentation left with the Vawters was a document entitled "Borrower's Closing Statement"

21  dated February 15, 2007. That document, and another version of the document dated February

22  23, 2007 indicates that the closing actually happened on February 15, 2007 – four days before

23  the loan documents are dated. The Closing Statement indicates that in paying off their existing

24  mortgage, the Vawters were required to pay a pre-payment penalty of **$7,253.82**. The Vawters

25  had no idea that they were incurring this cost in connection with the making of this loan. In

26

27

COMPLAINT - 8

LAW OFFICES OF
MELISSA A. HUELSMAN, P.S.
705 SECOND AVENUE, SUITE 501
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

1   addition to this outrageous charge, the Vawters were required to pay Defendant Twin Capital

2   **$7,823.15** in fees in connection with this loan.  This is amount was in excess of $400 more than

3   the amounts disclosed on the initial GFE provided to the Vawters by Defendant Twin Capital.

4   These additional amounts were not disclosed to the Vawters at least three days before the

5   signing of the loan documents, as required by Washington law.  Even more egregiously,

6   Defendant Paul Financial, the mortgage lender, paid Defendant Twin Capital an additional

7   **$6,560.00** to place the Vawters in a loan that was even more disadvantageous to them.

8   Defendant Twin Capital received payments totaling **$14,383.15** in connection with this loan,

9   which was in the total amount of $328,000.00.  This constitutes an amount which represents

10  almost 5% of the total loan amount paid to the mortgage broker!  Neither Defendant Twin

11  Capital nor Defendant Paul Financial ever disclosed to the Vawters in advance that a yield

12  spread premium would be paid to anyone. This is in violation of federal and state law.

13  

14          2.10    Defendant Paul Financial also charged the Vawters for "origination fees",

15  "underwriting fees", etc. in the amount of **$548.95**, and they were required to pay escrow fees

16  totaling $731.00. The Vawters received cash out of $23,377.19, but they believed when they

17  signed the loan documents that the debt they owed to Wells Fargo had been paid with this loan.

18  That debt was not paid and the Vawters still owe that debt.

19          2.11    Included in the packet left at the Vawters by the notary is another GFE from

20  Defendant Twin Capital dated January 16, 2007 which indicates that they are obtaining a loan

21  in the total amount of $328,000 with an interest rate of 1.000% for a "pick-a-pay" loan.  The

22  Vawters maintain that they never received this document at any time before the loan signing

23  and that this was simply included in the packet by Defendant Twin Capital during signing in

24  order to try to falsify its record of disclosures.  This document includes amounts which

25  

26  

27  

COMPLAINT  - 9

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 501
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

correspond exactly to the documentation supplied by the escrow company, which supports the Vawters' position about its creation long after the initial packet was mailed to them on or about January 18, 2007. However, even this fabricated documents does NOT indicate that Defendant Twin Capital will be paid a yield spread premium by Defendant Paul Financial in any amount. A "draft" HUD-1 Settlement Statement prepared by the escrow company dated February 9, 2007 also does not include the yield spread premium in the fees being paid to Defendant Twin Capital.

2.12    The Vawters also have versions of the loan documents in their possession dated February 9, 2007 which are unsigned as well. Included is an Estimated Buyer/Borrower Estimated Settlement Statement by the escrow company also dated February 9, 2007. This document does not include any payment to Defendant Twin Capital for a yield spread premium, but the other payments to that defendant and Defendant Paul Financial are listed as noted above.

2.13    The version of the "Final" TILA Disclosure statement, also without signature or handwritten dating, which is in the possession of the Vawters indicates that the APR is **7.996%** with an adjustable rate that changes for the first time on **April 1, 2007** and then **once per year** until April 2010 when it then supposedly adjusts again on December 2010 and again in April 2011. In the February 19, 2007 dated portion of the documents indicate that there IS a prepayment penalty. The Note is dated February 19, 2007 starts with a rate of **7.75%** which adjusts for the first time in **April 2007 and indicates that the interest rate will change monthly!** It indicates that the Vawters monthly **payment** will change for the first time in **April 2008.** None of this is consistent with the purported initial disclosures nor were any of these terms consistent with the representations being made to the Vawters by the Defendants and

COMPLAINT  - 10

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 501
SEATTLE, WASHINGTON  98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

their representatives.  The Vawters had no idea that they were paying more money to obtain this loan than the cash that they got out it, nor did they understand that they were being placed in a loan with horrific loan terms that would result in the potential loss of their home.  The Vawters began the loan process with almost perfect credit scores but reduced income.  This sort of loan with its ridiculous interest rate, constant adjustment and ever increasing payments, along with massively inflated and undisclosed fees and charges was sure to result in financial disaster for the Vawters – which is exactly what has happened.

2.15    The Vawters were initially advised that Defendant Paul Financial would be servicing their loan.  On or about March 16, 2007, they received a letter with that date from Defendant Paul Financial advising that Homecomings Financial would be servicing their mortgage loan, and that all communications with and payment would be mailed to Homecomings Financial.  Approximately one month later, on or about May 17, 2007, the Vawters received a letter from Homecomings Financial indicating that Washington Mutual Bank (portions of which has since been acquired by Defendant JP Morgan) would be their loan servicing agent as of June 1, 2007.  This was their only notification and the Vawters believe that they did not receive this letter until well after the date of the document and just days before their payment was due.  The Vawters have been trying to work with Defendant JP Morgan to obtain an appropriate loan modification for months and have been entirely unsuccessful in receiving any sort of meaningful response.  Therefore, they have no choice but to file a lawsuit in order to try to obtain compensation for their losses and stop the foreclosure sale.

2.16    In the Deed of Trust showing Defendant Paul Financial as the Lender, an entity known as Defendant Mortgage Electronic Registration System ("MERS") is listed as the Beneficiary.  This is an absolutely untrue assertion, as Defendant MERS does not ever acquire

COMPLAINT - 11

LAW OFFICES OF
MELISSA A. HUELSMAN, P.S.
705 SECOND AVENUE, SUITE 501
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

1    a beneficial interest in mortgage loans.  Rather, it exists in order to keep a computerized record

2    regarding the ownership of millions of mortgage loans secured by real property in the United

3    States.  The document indicates that Defendant MERS is "acting solely as a nominee for

4    Lender [Defendant Paul Financial] and Lender's successors and assigns, even though the

5    Lender did not identify any successors or assigns during the loan signing process.  Defendant

6    Paul Financial's "successors or assigns" did not exist when the Vawters executed the Deed of

7    Trust.

8

9         2.15    What is clear is that the Promissory Note signed by the Vawters is payable to

10   Defendant Paul Financial, and since the security interest document providing the Lender

11   security in the Vawters' real property cannot be separated from the obligation, which is

12   contained in the Promissory Note, it is clear that Defendant Paul Financial is the beneficiary

13   under the Deed of Trust.  Certainly unless the Promissory Note has been endorsed payable to

14   Defendant MERS or endorsed in blank and in Defendant MERS' possession, Defendant MERS

15   does not have a beneficial interest in the Vawters' real property.

16

17        2.16    In spite of the fact that there are no recorded Assignments in the records of King

18   County, Washington wherein Defendant Paul Financial and/or Defendant MERS assigned its

19   interest in the Deed of Trust to any other entity, on or about April 24, 2009, a Christina Allen,

20   "Attorney in Fact" for Defendant JP Morgan executed an Appointment of Successor Trustee

21   document in Dakota County, Minnesota, purporting to appoint Defendant QLS as the Successor

22   Trustee.  The notarization certification contradicts Ms. Allen's assertion that she is an

23   "Attorney in Fact" for Defendant JP Morgan by stating that she is "of JP Morgan Chase Bank,

24   National Association", as though she is its employee or officer.  This document was recorded in

25   the records of King County, Washington on April 28, 2009.  Currently, there is no evidence

26

27

COMPLAINT - 12

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 501
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

whatsoever that Defendant Paul Financial no longer owns the Vawters' mortgage loan by having possession of the Promissory Note. It provided the Vawters with a letter right after signing indicating that the servicing of the loan had been transferred to Homecomings, but nothing else. Thus, there is nothing available to the Vawters or anyone else to tell us who, if anyone, has the legal ability to foreclose on their home. Certainly Defendant QLS has not been appointed as the Successor Trustee by an entity which has the apparent legal authority to do so. The Vawters might suspect that Defendant JP Morgan, as the purchaser of some of the assessment of the bankrupt and seized Washington Mutual Bank entities, is authorized to act as a servicing agent, but that does not make it the holder of the Note, which is the only person or entity who has the right to foreclose and appoint persons to conduct the foreclosure.

2.17    In spite of the fact that Defendant QLS has not been properly appointed as the Successor Trustee, it nevertheless caused a Notice of Trustee's Sale to be recorded in the records of King County, Washington on May 28, 2009, and caused it to be posted at the Vawters' residence and mailed to their residence. The Notice indicates that the sale is authorized because Defendant MERS assigned the beneficial interest, as "nominee for Defendant Paul Financial, LLC" to Defendant JP Morgan. As noted above, there is no record of an Assignment being recorded in the records of King County, Washington. Further, the Vawters maintain that Defendant MERS has no legal authority to make such an assignment because it is not and never has been the holder of the Note nor has it ever been the actual beneficiary under the Deed of Trust. The entirety of MERS' representations about its role and authority to act is false. The foreclosure sale is scheduled to take place on August 28, 2009.

2.18    For all of these reasons, Mr. and Mrs. Vawter maintain that the foreclosure sale scheduled to take place on August 28, 2009 should be temporarily restrained and eventually

COMPLAINT - 13

LAW OFFICES OF
MELISSA A. HUELSMAN, P.S.
705 SECOND AVENUE, SUITE 501
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

enjoined, until such time as this court makes a determination as to the propriety or impropriety of the foreclosure sale process, as well as the damages available to the Vawters for the horrific circumstances surrounding the making of this mortgage loan.

### III.  CAUSES OF ACTION

First Cause of Action
For Temporary Restraining Order and Preliminary Injunction
As Against Defendants Paul Financial, MERS, JP Morgan and QLS

3.1     Plaintiffs incorporate herein by reference as though fully set forth at length each and every allegation and statement contained in Paragraphs 1.8 through 2.18, inclusive, of the Factual Allegations.

3.2     By way of the filing of a separate motion, Plaintiffs will move for issuance of a temporary restraining order and a preliminary injunction in order to stop the foreclosure sale.

3.3     In order to obtain an injunction, a plaintiffs must show that: (1) they have a clear legal or equitable right; (2) that they has a well-grounded fear of immediate invasion of that right, and (3) that the acts complained of are either resulting in or will result in actual and substantial injury to them. *Kucera v. State, Dept. of Transportation*, 140 Wn.2d 200, 209, 995 P.2d 63 (2000).  Such criteria is evaluated by balancing the relative interests of the parties, and if appropriate, the interests of the public. *Id.*  Ultimately, the decision to grant a preliminary injunction is within the sound discretion of the trial court, with such discretion to be exercised according to the circumstances of each particular case. *Washington Fed'n of State Employees v. State*, 99 Wn.2d 878, 887 (1983) (citations omitted).

3.4     In addition, under the DTA, a borrower must seek to obtain an order restraining the sale or risk the possibility of waiving all claims against the foreclosing entities and/or in

COMPLAINT  - 14

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 501
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

1  relation to the making of the loan.

2             Second Cause of Action
               Infliction of Emotional Distress
3                as Against All Defendants

4        3.5     Plaintiffs incorporates herein by reference, as though fully set forth at length,

5  each and every allegation and statement contained in Paragraphs 1.8 through 2.18, inclusive, of

6
   the Factual Allegations above, and Paragraphs 3.1 through 3.4, inclusive, of the Causes of
7
8  Action above.

9        3.6     By their conduct described in this Complaint, all of the Defendants have

10 committed the tort of intentional infliction of emotional distress.

11                Third Cause of Action
12      Wrongful Foreclosure and Breach of the Duty of Good Faith
         as Against Defendants Paul Financial, MERS, JP Morgan and QLS
13

14       3.7     Plaintiffs incorporate herein by reference as though fully set forth at length each

15 and every allegation and statement contained in Paragraphs 1.8 through 2.18, inclusive, of the

16 Factual Allegations, and Paragraphs 3.1 through 3.6, inclusive, of Causes of Action above.
17
         3.8     Defendants Paul Financial, MERS, JP Morgan and QLS had an obligation not to
18
19 conduct or attempt to conduct a foreclosure which was in contravention of Washington state

20 law.  Plaintiffs maintain that these Defendants did try to foreclose on their home in

21 contravention of Washington law and by causing documents making false assertions about

22 legal rights to be recorded in the records of King County, Washington.
23
         3.9     Defendant QLS also has a duty of "good faith" as an alleged trustee under the
24
   Deed of Trust Act "(DTA") and it has violated its duties under the DTA by failing to conduct
25
26 its business as required under the DTA and by falsely representing that it is the trustee under

27
                                          LAW OFFICES OF
                               MELISSA A. HUELSMAN, P.S.
   COMPLAINT  - 15            705 SECOND AVENUE, SUITE 501
                                    SEATTLE, WASHINGTON 98104
                                  TELEPHONE: (206) 447-0103
                                  FACSIMILE: (206) 447-0115

1   Mr. and Mrs. Vawters' Deed of Trust, when it has never been properly appointed as such by the

2   actual holder of the Vawters' Promissory Note.

3                                Fourth Cause of Action
                             Violation of the Truth in Lending Act
4                            as Against Defendants Paul Financial

5

6       3.10   Plaintiff incorporates herein by reference, as though fully set forth at length,

7   each and every allegation and statement contained in Paragraphs 1.8 through 2.18, inclusive, of

8   the Factual Allegations above, and Paragraphs 3.1 through 3.9 inclusive, of the Causes of

9   Action above.

10

11      3.11   Defendant Paul Financial did violate numerous provisions of the Truth in

12  Lending Act by failing to provide timely and accurate disclosures regarding the costs of the

13  mortgage loan obtained by the Vawters, as required by the Truth in Lending Act.  Further,

14  Defendant Paul Financial did not provide Mr. Bobka with accurate and truthful information

15  regarding the interest rate being charged on their mortgage loan, when it would change, nor the

16  finance charges associated with the loan, as described more particularly above.

17

18      3.12   In addition, Defendant Paul Financial did not provide the Vawters with a single

19  completed copy of the Notice of Right to Cancel document and therefore the Vawters are

20  seeking rescission of the loan.

21                              Fifth Cause of Action
                          Violations of the Consumer Protection Act
22              Based Upon Violations of the Mortgage Broker Practices Act
                          As Against Defendant Twin Capital
23

24      3.13   Plaintiff incorporates herein by reference, as though fully set forth at length,

25  each and every allegation and statement contained in Paragraphs 1.8 through 2.18, inclusive, of

26  the Factual Allegations above, and Paragraphs 3.1 through 3.12 inclusive, of the Causes of

27

COMPLAINT  - 16

LAW OFFICES OF
MELISSA A. HUELSMAN, P.S.
705 SECOND AVENUE, SUITE 501
SEATTLE, WASHINGTON  98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

Action above.

3.14    Defendant Twin Capital is required to comply with all of the requirements of the Mortgage Broker Practices Act, RCW 19.146 *et seq.*  When brokering the Vawters' loan, Defendant Twin Capital did not comply with the following requirements of RCW 19.146.0201 (the specific acts or inactions by this Defendant is more particularly described above in the Factual Allegations portions of the Complaint): Defendant Twin Capital employed a scheme or artifice to defraud or mislead Plaintiff; Defendant Twin Capital engaged in unfair and deceptive practices toward Plaintiff; Defendant Twin Capital obtained property by fraud or misrepresentation; Defendant Twin Capital failed to make disclosures to Plaintiff as required by RCW 19.146.030 and any other applicable state or federal law; Defendant Twin Capital failed to comply with numerous requirements of the TILA, 15 U.S.C. § 1601, *et seq.* and/or the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.*; and Defendant Twin Capital collected and charged a fee prohibited by RCW 19.146.030.  Defendant Twin Capital is liable for these violations of the Mortgage Broker Practices Act as they constitute *per se* violations of the Consumer Protection Act, entitling the Vawters to damages available under the CPA.

<u>Sixth Cause of Action</u>
<u>Violations of the Consumer Protection Act</u>
<u>as Against All Defendants</u>

3.15    Plaintiffs incorporate herein by reference, as though fully set forth at length, each and every allegation and statement contained in Paragraphs 1.8 through 2.18, inclusive, of the Factual Allegations above, and Paragraphs 3.1 through 3.14, inclusive, of the Causes of Action above.

3.16    The conduct of the Defendants constitutes unfair and deceptive business practices in violation of RCW 19.86, it occurred in trade or commerce, has the potential for

COMPLAINT  - 17

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 501
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

1  repetition, and impacts the public interest, all in violation of the Consumer Protection Act as it

2  relates to the mortgage loan documents and all related documents signed in 2007; and in

3  connection with the foreclosure proceeding initiated in 2009

4        3.17    Plaintiffs are entitled to treble damages for intentional violations of the

5  Consumer Protection Act, plus attorney fees and costs.

6

7  ### IV.  PRAYER FOR RELIEF

8      WHEREFORE, Plaintiffs pray for relief as follows:

9      1.     General damages in an amount to be determined at trial;

10      2.     Treble damages for each and every violation of the Consumer Protection Act,

11  plus attorney fees and costs;

12      3.     Damages, including emotional distress, by the conduct of the Defendants in an

13  amount to be fully proved at the time of trial;

14

15      4.     Injunctive relief which may be available against the Defendants prohibiting

16  them from engaging in these prohibited acts in the future, as well as more immediate and

17  temporary injunctive relief in order to prevent the foreclosure sale;

18      5.     Statutory and/or punitive damages which may be available to Plaintiffs for

19  violations of TILA;

20      6.     The value of lost use of Plaintiffs' monies, past and future, according to proof at

21  time of trial; and

22

23  //

24  //

25  //

26  //

27

COMPLAINT - 18

LAW OFFICES OF
MELISSA A. HUELSMAN, P.S.
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

7.      For such other and further relief as the Court deems equitable and just.

Dated this 21st day of August 2009.

LAW OFFICES OF MELISSA A. HUELSMAN, P.S.

Melissa A. Huelsman, WSBA #30935
Attorney for Henry and Rose Vawter

COMPLAINT  - 19

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 501
SEATTLE, WASHINGTON  98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

FILED

09 AUG 21 PM 2:01

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 09-2-31265-6 SEA

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTO
## IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| Vawter | NO.  09-2-31265-6    SE |
| | Order Setting Civil Case Schedule (*ORSCS) |
| **Plaintiff(s)** | |
| VS | |
| Quality Loan Services Incorporation | ASSIGNED JUDGE  Doyle_____13 |
| | FILE DATE:                                   08/21/2009 |
| **Defendant(s)** | TRIAL DATE:                              **02/07/2011** |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

### I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule (Schedule)** on the Defendant(s) along with the **Summons and Complaint/Petition.** Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the **Summons and Complaint/Petition** or (2) service of the Defendant's first response to the **Complaint/Petition**, whether that response is a **Notice of Appearance**, a response, or a Civil Rule 12 (CR 12) motion. The **Schedule** may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

***"I understand that I am required to give a copy of these documents to all parties in this case."***

| | |
|---|---|
| Print Name | Sign Name |

**I. NOTICES (continued)**

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLR*] --
especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for
attorneys and parties to pursue their cases vigorously from the day the case is filed. For example,
discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties,
claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery
cutoff date [*See KCLCR 37(g)*].

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of **$200** must be paid when any answer that includes additional claims is filed in an existing
case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the
deadline in the schedule. The court will review the confirmation of joinder document to determine if a
hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before
their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final *decree*, judgment, or order of dismissal of <u>all parties and claims</u> is filed with the Superior
Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this
*Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the
parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any
pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a
*Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a
final decree, judgment or order of dismissal of <u>all parties and claims</u> is not filed by 45 days after a *Notice
of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to
present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of
Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office,
parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING <u>AND</u> TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to
mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and
cross-claims have been filed. If mandatory arbitration is required after the deadline, parties must obtain
an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must
pay a $220 arbitration fee.** If a party seeks a trial de novo when an arbitration award is appealed, a fee of
$250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
**All** parties will be assessed a fee authorized by King County Code 4.71.050 whenever the Superior Court
Clerk must send notice of non-compliance of schedule requirements <u>and/or</u> Local Civil Rule 41.

**King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.**

## II. CASE SCHEDULE

| CASE EVENT | | DEADLINE or EVENT DATE | Filing Needed |
|---|---|---|---|
| Case Filed and Schedule Issued. | Fri | 08/21/2009 | * |
| Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [*See KCLMAR 2.1(a) and Notices on Page 2*]. **$220 arbitration fee must be paid** | Fri | 01/29/2010 | * |
| **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration. [*See KCLCR 4.2(a) and Notices on Page 2*]. | Fri | 01/29/2010 | * |
| **DEADLINE** for Hearing Motions to Change Case Assignment Area. [*See KCLCR 82(e)*] | Fri | 02/12/2010 | |
| **DEADLINE** for Disclosure of Possible Primary Witnesses [*See KCLCR 26(b)*]. | | Tue  09/07/2010 | |
| **DEADLINE** for Disclosure of Possible Additional Witnesses [*See KCLCR 26(b)*]. | | Mon 10/18/2010 | |
| **DEADLINE** for Jury Demand [*See KCLCR 38(b)(2)*]. | | Mon 11/01/2010 | * |
| **DEADLINE** for Setting Motion for a Change in Trial Date [*See KCLCR 40(d)(2)*]. | | Mon 11/01/2010 | * |
| **DEADLINE** for Discovery Cutoff [*See KCLCR 37(g)*]. | | Mon 12/20/2010 | |
| **DEADLINE** for Engaging in Alternative Dispute Resolution [*See KCLCR 16(b)*]. | | Mon 01/10/2011 | |
| **DEADLINE** for Exchange Witness & Exhibit Lists & Documentary Exhibits [*See KCLCR 4(j)*]. | | Tue  01/18/2011 | |
| **DEADLINE** to file Joint Confirmation of Trial Readiness [*See KCLCR 16(a)(2)*] | | Tue  01/18/2011 | * |
| **DEADLINE** for Hearing Dispositive Pretrial Motions [*See KCLCR 56; CR 56*]. | | Mon 01/24/2011 | |
| Joint Statement of Evidence [*See KCLCR (4)(k)*]. | | Mon 01/31/2011 | * |
| **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file Proposed Findings of Fact and Conclusions of Law with the Clerk) | | Mon 01/31/2011 | * |
| Trial Date [*See KCLCR 40*]. | | Mon 02/07/2011 | |

### III. ORDER

Pursuant to King County Local Civil Rule 4 [*KCLCR 4*], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Civil Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

**DATED:**   08/21/2009

**PRESIDING JUDGE**

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule. The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:** Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx .

**CASE SCHEDULE AND REQUIREMENTS**
Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

**A. Joint Confirmation regarding Trial Readiness Report:**
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g. interpreters, equipment, etc.).

The form is available at http://www.kingcounty.gov/courts/superiorcourt.aspx . If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding said report.

**B. Settlement/Mediation/ADR**
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand. Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held. FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

**C. Trial:** Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court. The Friday before trial, the parties should access the King County Superior Cour website http://www.kingcounty.gov/courts/superiorcourt.aspx to confirm trial judge assignment. Information can also be obtained by calling (206) 205-5984.

**MOTIONS PROCEDURES**

**A. Noting of Motions**

**Dispositive Motions:** All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge. The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules. Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Nondispositive Motions:** These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the Note for Motion should state "Without Oral Argument." Local Civil Rule 7 governs these motions, which include discovery motions. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions calendar. Local Civil Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Emergency Motions:** Under the court's local civil rules, emergency motions will be allowed only upon entry of an Order Shortening Time. However, emergency discovery disputes may be addressed by telephone call and without written motion, if the judge approves.

## B. Original Documents/Working Copies/ Filing of Documents

**All original documents must be filed with the Clerk's Office.** Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the new requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court. The exceptions to the e-filing requirement are also available on the Clerk's Office website.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge. The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom. Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator. On June 1, 2009 you will be able to submit working copies through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk.

**Service of documents.** E-filed documents may be electronically served on parties who opt in to E-Service within the E-Filing application. The filer must still serve any others who are entitled to service but who have not opted in. E-Service generates a record of service document that can be e-filed. Please see information on the Clerk's office website at www.kingcounty.gov/courts/clerk regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion. Do not file the original of the proposed order with the Clerk of the Court. Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order.

**Presentation of Orders:** All orders, agreed or otherwise, must be presented to the assigned judge. If that judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the assigned judge or in the Ex Parte Department.** Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department.  **If final order and/or formal proof are entered in the Ex Parte Department counsel is responsible for providing the assigned judge with a copy.**

## C.    Form

Memoranda/briefs for matters heard by the assigned judge may not exceed twenty four (24) pages for dispositive motions and twelve (12) pages for nondispositive motions, unless the assigned judge permits over-length memoranda/briefs in advance of filing.  Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

*IT IS SO ORDERED.  FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS.  PLAINTIFF/PEITITONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.*

---

**PRESIDING JUDGE**

FILED

09 AUG 21 PM 2:01

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 09-2-31265-6 SEA

SUPERIOR COURT OF WASHINGTON
COUNTY OF KING

| | |
|---|---|
| Vawter | NO. 09-2-31265-6 SEA |
| VS | |
| Quality Loan Services Incorporation | CASE INFORMATION COVER SHEET AND AREA DESIGNATION |

CAUSE OF ACTION

**(TTO) -**     TORT, NON-MOTOR VEHICLE

AREA DESIGNATION

**SEATTLE -**   Defined as all King County north of Interstate 90 and including all of Interstate 90 right of way, all of the cities of Seattle, Mercer Island, Issaquah, and North Bend, and all of Vashon and Maury Islands.

FILED

09 AUG 24 AM 9:01

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 09-2-31265-6 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THE COUNTY OF KING

| | |
|---|---|
| HENRY AND ROSE VAWTER | NO.  09-2-31265-6 SEA |
| Plaintiffs, | **NOTE FOR MOTION DOCKET**<br>**SEATTLE COURTHOUSE ONLY**<br>(Clerk's Action Required )<br>(NTMTDK) |
| v. | |
| QUALITY LOAN SERVICE CORPORATION<br>OF WASHINGTON; PAUL FINANCIAL, LLC;<br>TWIN CAPITAL MORTGAGE; MORTGAGE;<br>ELECTRONIC REGISTRATION SYSTEMS; JP<br>MORGAN CHASE BANK and Doe Defendants<br>1 through 20, inclusive, | |
| Defendants | |

TO:     **THE CLERK OF THE COURT** and to all other parties listed on Page 2:
        **PLEASE TAKE NOTICE** that an issue of law in this case will be heard on the date below and the Clerk is
        directed to note this issue on the calendar checked below.

**Calendar Date:** 8/27/09     **Day of Week:** Thursday

**Nature of Motion:**     Motion for Temporary Restraining Order

---

**EX PARTE MOTIONS [LR 0.13] - Seattle in W325**

The original of this notice must be filed at the Clerk's Office **not less than six court days** prior to requested hearing date.
Motions are scheduled **9:00-11:30 a.m. & 1:30-3:45 p.m.** (except as indicated):
[  ]Eviction Hearing Time: 9:00 a.m.                    [ X ]Other Ex Parte Motion. Hearing Time:  9:00  a.m.

The original of this notice must be filed at the Clerk's Office **not less than fourteen calendar days** prior to requested
hearing date - *Deliver Working Papers (on accountings, contested or complex cases) to W325. Ex Parte hearings do not require
confirmation.*

| [  ]Adoption Final Hrg. | Hearing Time: 9:00:____     1:30:_____, (LR 93.04) |
|---|---|
| [  ]Family Law Final Decree     [  ]Atty to Appear Hearing Time: _____     [  ]No Attorney Hearing Time: 1:30 p.m. | |
| [  ]Probate/Grdnshp          Hearing Time: 10:30 a.m.     (LR 98.04, 98.16, 98.20) | |

---

**FAMILY LAW MOTIONS [LFLR 6] - Seattle in W291**

The original of this notice must be filed at the Clerk's Office **not less than fourteen calendar days** prior to the requested
hearing date, except for Summary Judgment Motions (to be filed with Clerk 28 days in advance). *Must confirm at 296-9340
(LFLR 6).* Deliver Commissioner's copies to same room number 3 lines above. *SEE PAGE 2 FOR IMPORTANT NOTICE!*

[  ] Domestic Motion (9:30)     [  ] Sealed File Motion (1:30)     [  ] Parenting Plan Modification (threshold 1:30)

---

**RALJ READINESS CALENDAR – Seattle**

The original of this notice must be filed at the Clerk's Office **not less than five court days** prior to the requested hearing date.
You must bring this document and appear as scheduled.  See posted signs for room number and Judge the day of your
hearing.          [  ] Fridays only (1:30 p.m.)

---

**You may list an address that is not your residential address where you agree to accept legal documents.**

Sign:   s/s Melissa A. Huelsman, P.S.          Print/Type Name:  Melissa A. Huelsman

WSBA #   30935     (if attorney)     Attorney for:  Plaintiff

Address:  705 Second Avenue, Suite 501  City, State, Zip   Seattle, WA 98104

Telephone:  (206) 447-0103          Date:   August  21 2009

Party requesting hearing must file motion & affidavits separately along with this notice. List names, addresses and
telephone numbers of all parties requiring notice, (including Guardian Ad Litem) on page 2. Serve a copy of this notice of
hearing, with motion documents, on all parties.  **DO NOT USE THIS FORM TO SET HEARINGS BEFORE CHIEF
CIVIL JUDGE OR THE ASSIGNED JUDGE FOR THE CASE.**

| LIST NAMES AND SERVICE ADDRESSES FOR ALL NECESSARY PARTIES REQUIRING NOTICE |
|---|

Name: Matthew Cleverley  
McCarthy & Holthuss, LLP  
Service Address: 600 Winslow Way East, Suite 234  
Bainbridge, WA 98110  
WSBA#_____Atty For: Quality Loan Services, Inc.  
Telephone #:

Name_____  
Service Address:_____  
City, State, Zip_____  
WSBA#_____Atty For:_____  
Telephone #:_____

Name  
Service Address:  
City, State, Zip  
WSBA#_____Atty For:_____  
Telephone #:_____

Name_____  
Service Address:_____  
City, State, Zip_____  
WSBA#_____Atty For:_____  
Telephone #:_____

Name_____  
Service Address:_____  
City, State, Zip_____  
WSBA#_____Atty For:_____  
Telephone #:_____

Name_____  
Service Address:_____  
City, State, Zip_____  
WSBA#_____Atty For:_____  
Telephone #:_____

# IMPORTANT NOTICE REGARDING FAMILY LAW CASES

**IF YOU ARE THE PERSON SCHEDULING THIS MOTION**, you must confirm this hearing by calling the Family Law Motions Coordinators at 296-9340 between 2:30 p.m. and 4:15 p.m. (3) court days before the hearing and between 8:30 a.m. and 12:00 p.m. (noon) two (2) court days prior to the hearing.

**IF YOU OBJECT TO THIS MOTION,** under King County Superior Court Rule LFLR 5, your response and accompanying paperwork **must be in writing** and must be delivered, not later than by 12:00 p.m. (noon) of four (4) weekdays (not including court holidays) prior to the hearing to:

1) the Superior Court Clerk in Room E609 (the originals go to the Clerk);

2) all parties' attorneys (or directly to any party who does not have an attorney); and,

3)  the Family Law Motions Coordinators in Room W291.

Any statements of a party or witness must be signed, dated and sworn to under penalty of perjury, and must contain the state and city where signed.

The moving party's reply is due by noon two court days prior to the hearing.  Check-in time is **9:00 am** for morning hearings and **1:15 p.m.** for afternoon hearings.

THIS IS ONLY A PARTIAL SUMMARY OF THE LOCAL RULES.  ALL PARTIES ARE ADVISED TO CONSULT WITH AN ATTORNEY

FILED

09 AUG 24 PM 4:21

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 09-2-31265-6 SEA

1

2

3

4

5

SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

6   HENRY AND ROSE VAWTER

7                            Plaintiffs,

8          v.

9   QUALITY LOAN SERVICE CORPORATION
    OF WASHINGTON; PAUL FINANCIAL, LLC;
10  TWIN CAPITAL MORTGAGE; MORTGAGE;
    ELECTRONIC REGISTRATION SYSTEMS;
11  JP MORGAN CHASE BANK and Doe
    Defendants 1 through 20, inclusive,

12

13                            Defendants.

Case No. 09-2-31265-6 SEA

CERTIFICATION OF SERVICE

14

15          I, Monique Lefebvre, declare under penalty of perjury as follows:

16          1.      I am over the age of eighteen years, a citizen of the United States, not a party

17   herein, and am competent to testify to the facts set forth in this Declaration.

18          2.      That on August 21, 2009, a delivery was made to Defendant Quality Loan

19   Services, to Attorney Matt Cleverley of McCarthy & Holthus LLP at 600 Winslow Way East,

20   Bainbridge, WA 98110 via e-mail a copy of the Complaint, Note for Motion for Ex-Parte,

21   Temporary Restraining Order.

22          Dated this 24th day of August 2009 at Seattle, Washington.

23

24                                          s/s Monique Lefebvre
                                            Monique Lefebvre

25

26

27

DECLARATION OF MONIQUE LEFEBVRE - 1

LAW OFFICES OF
MELISSA A. HUELSMAN, P.S.
705 SECOND AVENUE, SUITE 501
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

FILED

09 AUG 25 AM 10:09

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 09-2-31265-6 SEA

SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| HENRY AND ROSE VAWTER<br><br>                    Plaintiffs,<br><br>        v.<br><br>QUALITY LOAN SERVICE CORPORATION<br>OF WASHINGTON; PAUL FINANCIAL, LLC;<br>TWIN CAPITAL MORTGAGE; MORTGAGE;<br>ELECTRONIC REGISTRATION SYSTEMS;<br>JP MORGAN CHASE BANK and Doe<br>Defendants 1 through 20, inclusive,<br><br>                    Defendants. | Case No. 09-2-31265-6 SEA<br><br>CERTIFICATION OF SERVICE |

I, Monique Lefebvre, declare under penalty of perjury as follows:

1.      I am over the age of eighteen years, a citizen of the United States, not a party herein, and am competent to testify to the facts set forth in this Declaration.

2.      That on August 24, 2009, a delivery was made to Defendant Quality Loan Services, to Attorney Matt Cleverley of McCarthy & Holthus LLP at 600 Winslow Way East, Bainbridge, WA 98110 via U.S. Mail a copy of the Note for Motion Ex-Parte, Case Information Sheet, Order Setting Civil Case Schedule and the Complaint.

Dated this 25th day of August 2009 at Seattle, Washington.

                    s/s Monique Lefebvre
                    Monique Lefebvre

DECLARATION OF MONIQUE LEFEBVRE - 1

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 501
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115



**SUPERIOR COURT, IN AND FOR THE COUNTY OF KING, STATE OF WASHINGTON**

HENRY VAWTER, ET AL,

               Plaintiff/Petitioner

vs.

QUALITY LOAN SERVICE CORPORATION
OF WASHINGTON, ET AL,

               Defendant/Respondent

Cause #:   09-2-31265-6SEA

Declaration of Service of:

SUMMONS AND COMPLAINT FOR TEMPORARY AND
PERMANENT RESTRAINING ORDER; INFLICTION OF
EMOTIONAL DISTRESS; BREACH OF FIDUCIARY OR
QUASI-FIDUCIARY DUTY; VIOLATIONS OF THE
CONSUMER PROTECTION ACT; VIOLATIONS OF THE
TRUTH IN LENDING ACT, 15 U.S.C. 1601, ET. SEQ.;
ORDER SETTING CIVIL CASE SCHEDULE

Hearing Date:

Declaration:

The undersigned hereby declares: That s(he) is now and at all times herein mentioned, a citizen of the United States and a resident of the State of Washington, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness therein.

On the date and time of Sep 10 2009  3:06PM at the address of 19735 N 10TH ST  POULSBO, within the County of KITSAP, State of WASHINGTON, the declarant duly served the above described documents upon QUALITY LOAN SERVICE CORPORATION OF WASHINGTON   by then and there personally delivering 1 true and correct copy(ies) thereof, by then presenting to and leaving the same with MATTHEW CLEVERLEY REGISTERED AGENT.

No information was provided that indicates that the subjects served are members of the U.S. military.

I hereby declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated: September 11, 2009 at Tacoma, WA



by _____

            C. Nystrom    PCR 2055

Service Fee Total: $ 109.80



ABC Legal Services, Inc.
206 521-9000
Tracking #: 6062140

**ORIGINAL
PROOF OF SERVICE**

Page 1 of 1

VAWTER
Huelsman, Melissa A
705 2nd Ave, #501
Seattle, WA   98104
206 447-0103

1
2
3
4
5
6
7               SUPERIOR COURT OF THE STATE OF WASHINGTON
                  IN AND FOR THE COUNTY OF KING

8

| | | |
|---|---|---|
| HENRY AND ROSE VAWTER | ) | Case No. 09-2-31265-6 SEA |
|          Plaintiffs, | ) | |
| | ) | SUMMONS |
|     v. | ) | |
| | ) | |
| QUALITY LOAN SERVICE | ) | |
| CORPORATION OF WASHINGTON; PAUL | ) | |
| FINANCIAL, LLC; TWIN CAPITAL | ) | |
| MORTGAGE; MORTGAGE; ELECTRONIC | ) | |
| REGISTRATION SYSTEMS; JP MORGAN | ) | |
| CHASE BANK and Doe Defendants 1 through | ) | |
| 20, inclusive, | ) | |

16                    Defendants.

17 QUALITY LOAN SERVICE CORPORATION OF WASHINGTON; PAUL FINANCIAL,
LLC; TWIN CAPITAL MORTGAGE; MORTGAGE; ELECTRONIC REGISTRATION
18 SYSTEMS; JP MORGAN CHASE BANK; and Doe Defendants 1 through 20, inclusive,

19 TO THE DEFENDANTS: A lawsuit has been started against you in the above-entitled court

20 by Plaintiffs Henry and Rose Vawter. Plaintiffs' claim is stated in the written Complaint, a

21 copy of which is served upon you with this Summons.

22        In order to defend against this lawsuit, you must respond to the Complaint by stating

23 your defense in writing, and by serving a copy upon the person signing this summons within 20

24 days after the service of this summons, excluding the day of service, or a default judgment may

25 be entered against you without notice. A default judgment is one where plaintiff is entitled to

26

27

SUMMONS - 1

LAW OFFICES OF
MELISSA A. HUELSMAN, P.S.
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE. (206) 447-0115

**FILED**

09 SEP 16 PM 1:27

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 09-2-31265-6 SEA

SUPERIOR COURT OF THE STATE OF WASHINGTON
KING COUNTY

HENRY AND ROSE VAWTER,

          Plaintiffs,

     v.

QUALITY LOAN SERVICE CORPORATION
OF WASHINGTON; PAUL FINANCIAL, LLC;
TWIN CAPITAL MORTGAGE; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS;
JPMORGAN CHASE BANK, and Doe
Defendants 1 through 20 inclusive,
          Defendants.

Case No. 09-2-31265-6 SEA

NOTICE OF APPEARANCE

     PLEASE TAKE NOTICE that the undersigned attorneys hereby appear as counsel for

Defendants JPMorgan Chase Bank, N.A., and Mortgage Electronic Registration Systems, and

request that all future papers or pleadings except original process be served upon its said

attorneys at the address stated below:

     DATED this 16th day of September, 2009.

Davis Wright Tremaine LLP
Attorneys for Defendants JPMorgan Chase
Bank, N.A., and Mortgage Electronic
Registration Systems

By */s/ Matthew Sullivan*
   Fred Burnside, WSBA #32491
   Matthew Sullivan, WSBA #40873

NOTICE OF APPEARANCE - 1
DWT 13364012v1 0036234-000028

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

## DECLARATION OF SERVICE

I declare under penalty of perjury that on this day I caused a copy of the foregoing Notice of Appearance to be served upon the following counsel of record:

| | | |
|---|---|---|
| Melissa A. Huelsman | (X) | By U. S. Mail |
| Law Offices of Melissa A. Huelsman PS | ( ) | By Federal Express |
| 705 Second Avenue, Ste. 501 | ( ) | By Facsimile |
| Burien, WA 98104 | ( ) | By Messenger |

Dated at Seattle, Washington this 16th day of September, 2009.

_Anita Griffin_
Anita Griffin

NOTICE OF APPEARANCE - 2
DWT 13364012v1 0036234-000028

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

**FILED**

**SUPERIOR COURT, IN AND FOR THE COUNTY OF KING, STATE OF WASHINGTON**

09 OCT 07 PM 12:28

HENRY VAWTER, ET AL,

                  Plaintiff/Petitioner

vs.

QUALITY LOAN SERVICE CORPORATION
OF WASHINGTON, ET AL,

                  Defendant/Respondent

Cause #:  **09-2-31265-6SEA**

KING COUNTY
SUPERIOR COURT CLERK
E-FILED

Declaration of Service of:

CASE NUMBER: 09-2-31265-6 SEA
SUMMONS AND COMPLAINT FOR TEMPORARY AND PERMANENT
RESTRAINING ORDER; INFLICTION OF EMOTIONAL DISTRESS;
BREACH OF FIDUCIARY OR QUASI-FIDUCIARY DUTY; VIOLATIONS
OF THE CONSUMER PROTECTION ACT; VIOLATIONS OF THE
TRUTH IN LENDING ACT, 15 U.S.C. 1601, ET. SEQ.; ORDER
SETTING CIVIL CASE SCHEDULE

Hearing Date:

**Declaration:**

The undersigned hereby declares: That s(he) is now and at all times herein mentioned, a citizen of the United States and a resident of the State of Washington, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness therein.

On the date and time of    **Sep 10 2009  3:06PM**

at the address of    **19735 N 10TH ST  POULSBO**

within the County of    **KITSAP**    State of    **WASHINGTON**

the declarant duly served the above described documents upon

**QUALITY LOAN SERVICE CORPORATION OF WASHINGTON**

by then and there personally delivering   **1**   true and correct copy(ies) thereof, by then presenting to and leaving the same with

**MATTHEW CLEVERLEY  REGISTERED AGENT**

No information was provided that indicates that the subjects served are members of the U.S. military.

I hereby declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.
Dated: September 11, 2009 at Tacoma, WA.

by _____

           C. Nystrom    PCR 2055

The documents listed above were served in accordance with RCW 4.28.080 and/or client instructions. If service was substituted on another person or left with a person that refused to identify themselves, it is incumbent upon the client to notify ABC Legal Services, Inc. immediately in writing if further attempts to serve, service by mail, or investigate are required. If service was substituted on another person, pursuant to RCW 4.28.080 (16), service shall be complete on the tenth day after a copy of the documents are mailed to the subject at the address where service was made. Documents were not mailed by ABC Legal Services, Inc.

| Service Notes: | | SEP 11 2009 |
|---|---|---|
| | | PSS 2 LONG |

| Documents: | 22.00 | Secretarial: | 0.00 | Other: | 25.00 |
|---|---|---|---|---|---|
| Travel: | 52.80 | Postage: | 0.00 | Total: | 109.80 |
| Invalid Address ( 0 ) | 0.00 | Photo: | 0.00 | Pre-Paid Retainer: | 0.00 |
| Proof Preparation: | 10.00 | Rush / Special: | 0.00 | | |
| Summons Copy: | 0.00 | Wait / Stake Out Time: | 0.00 | **AMOUNT DUE** | **109.80** |

Client Ref.: **VAWTER**
Huelsman, Melissa A
705 2nd Ave, #501
Seattle, WA   98104
206 447-0103

**CLIENT COPY
PROOF OF SERVICE**

Page 1 of 1



ABC Legal Services, Inc.
633 Yesler Way Seattle, WA 98104
206 521-9000
Tracking #: **6062140**

FILED

09 OCT 19 PM 3:57

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 09-2-31265-6 SEA

SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

HENRY AND ROSE VAWTER

            Plaintiffs,

     v.

QUALITY LOAN SERVICE CORPORATION
OF WASHINGTON; PAUL FINANCIAL, LLC;
TWIN CAPITAL MORTGAGE; MORTGAGE;
ELECTRONIC REGISTRATION SYSTEMS;
JP MORGAN CHASE BANK and Doe
Defendants 1 through 20, inclusive,

            Defendants.

Case No. 09-2-31265-6 SEA

CERTIFICATE OF SERVICE ON
DEFENDANT PAUL FINANCIAL, LLC

1

LAW OFFICES OF
MELISSA A. HUELSMAN, P.S.
705 SECOND AVENUE, SUITE 1050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

| Attorney or Party without Attorney:<br>MELISSA A. HUELSMAN<br>Law Offices Of: MELISSA A. HUELSMAN<br>705 SECOND AVE. #1050<br>SEATTLE, WA 98104<br>Telephone No: 206-447-0103      FAX No: 206-447-0115<br>mlefebvre@predatorylendinglaw.com<br>Attorney for: Plaintiff | For Court Use Only |
|---|---|
| Ref. No. or File No.: | |

Insert name of Court, and Judicial District and Branch Court:

STATE OF WASHINGTON

Plaintiff: HENRY VAWTER

Defendant: QUALITY LOAN SERVICE CORPORATION OF WASHINGTON

| **AFFIDAVIT OF SERVICE**<br>**SUMMONS & COMPLAINT** | Hearing Date: | Time: | Dept/Div: | Case Number:<br>09-2-31265-6SEA |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2.  I served copies of the SUMMONS (AND) COMPLAINT; ORDER SETTING CIVIL CASE SCHEDULE

*3. a. Party served:*                                    PAUL FINANCIAL, LLC
   *b. Person served:*                           DENISE JAMESON - VICE PRESIDENT

*4. Address where the party was served:*         1401 LOS GAMOS DR.
                                        San Rafael, CA  94903

*5. I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of
     process for the party (1) on: Fri., Oct. 09, 2009 (2) at: 10:15AM

6.  The "Notice to the Person Served" (on the Summons) was completed as follows:
   on behalf of:  PAUL FINANCIAL, LLC
   Under CCP 416.10 (corporation)

*7. Person Who Served Papers:*
   a. Matt  Anderson

                        *Fee for Service:*      $55.00
                        I Declare under penalty of perjury under the laws of the State of
                        Washington that the foregoing is true and correct.



851 Cherry Avenue
Suite 27-105
San Bruno, CA 94066
Phone 650.794.1923
FAX 650.794.1943

                   10 - 12 - 09
                   (Date)                        (Signature)



ROBERT DOLLEN
COMM. #1710269
NOTARY PUBLIC ● CALIFORNIA
SAN MATEO COUNTY
Comm. Exp. DEC. 11, 2010

8.  Subscribed and sworn to (or affirmed) before me on this _12_ day of _October 2009_ by Matt Anderson

   proved to me on the basis of satisfactory evidence to be the person who appeared before me.

             **AFFIDAVIT OF SERVICE**          (Notary Signature)
             **SUMMONS & COMPLAINT**                       mehue.13316

FILED

09 OCT 19 PM 3:59

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 09-2-31265-6 SEA

SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

HENRY AND ROSE VAWTER

          Plaintiffs,

    v.

QUALITY LOAN SERVICE CORPORATION
OF WASHINGTON; PAUL FINANCIAL, LLC;
TWIN CAPITAL MORTGAGE; MORTGAGE;
ELECTRONIC REGISTRATION SYSTEMS;
JP MORGAN CHASE BANK and Doe
Defendants 1 through 20, inclusive,

          Defendants.

Case No. 09-2-31265-6 SEA

CERTIFICATE OF SERVICE ON
DEFENDANT TWIN CAPITAL
MORTGAGE

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 1050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

| Attorney or Party without Attorney: | For Court Use Only |
|---|---|
| MELISSA A. HUELSMAN<br>Law Offices Of: MELISSA A. HUELSMAN<br>705 SECOND AVE. #1050<br>SEATTLE, WA 98104<br>Telephone No: 206-447-0103     FAX No: 206-447-0115<br>mlefebvre@predatorylendinglaw.com<br>Attorney for: Plaintiff | |

Ref. No. or File No.:

Insert name of Court, and Judicial District and Branch Court:

STATE OF WASHINGTON

Plaintiff: HENRY VAWTER

Defendant: QUALITY LOAN SERVICE CORPORATION OF WASHINGTON

| **AFFIDAVIT OF SERVICE**<br>**SUMMONS & COMPLAINT** | Hearing Date: | Time: | Dept/Div: | Case Number:<br>09-2-31265-6SEA |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUMMONS (AND) COMPLAINT; ORDER SETTING CIVIL CASE SCHEDULE

3. a. Party served:          TWIN CAPITAL MORTGAGE
   b. Person served:       DARIUS MIRSHAHZADEH - AGENT FOR SERVICE OF PROCESS

4. Address where the party was served:     ONE HALLIDIE PLAZA #300
                                           San Francisco, CA 94102

5. I served the party:
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Mon., Oct. 12, 2009 (2) at: 12:10PM

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
   on behalf of:  TWIN CAPITAL MORTGAGE
   Under CCP 416.10 (corporation)

7. **Person Who Served Papers:**                          Fee for Service:     $55.00
   a. Andy  Esquer                           I Declare under penalty of perjury under the laws of the State of

                                             Washington that the foregoing is true and correct.



851 Cherry Avenue
Suite 27-105
San Bruno, CA 94066
Phone 650.794.1923
FAX 650.794.1943

10-13-09
_____
(Date)

_____
(Signature)

ROBERT DOLLEN
COMM. #1710269
NOTARY PUBLIC • CALIFORNIA
SAN MATEO COUNTY
Comm. Exp. DEC. 11, 2010

8. Subscribed and sworn to (or affirmed) before me on this _13_ day of _October 2009_ by Andy Esquer

proved to me on the basis of satisfactory evidence to be the person who appeared before me.

AFFIDAVIT OF SERVICE
SUMMONS & COMPLAINT                                  (Notary Signature)

mehue.13317

FILED

09 OCT 29 PM 12: 26

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA

1

2

3

4

5

6                SUPERIOR COURT OF THE STATE OF WASHINGTON

7                      IN AND FOR THE COUNTY OF KING

8

9     HENRY AND ROSE VAWTER,                    )

10                    Plaintiff,                 )    Case No. 09-2-31265-6 SEA

11          vs.                                  )    **NOTICE OF APPEARANCE OF**
                                                 )    **DEFENDANT TWIN CAPITAL**
12    QUALITY LOAN SERVICE CORPORATION           )    **MORTGAGE, INC.**
      OF WASHINGTON; PAUL FINANCIAL, LLC;        )
13    TWIN CAPITAL MORTGAGE; MORTGAGE            )
      ELECTRONIC REGISTRATION SYSTEMS;           )
14    JP MORGAN CASE BANK and Doe                )
      Defendants 1 through 20, inclusive,        )
15                                               )
                      Defendants.                )
16    _____       )

17

18    **TO:**          **THE CLERK OF THE COURT**

19    **AND TO:**      **ALL PARTIES AND THEIR ATTORNEYS**

20                     **YOU AND EACH OF YOU WILL PLEASE TAKE NOTICE** that defendant

21    Twin Capital Mortgage, Inc. ("Defendant"), hereby gives notice of its appearance in the

22    above-captioned action.  All further papers and pleadings, excluding service of process,

23    should be served upon the undersigned attorneys at their offices located at 200 Buddha

24    Building, 312 NW Tenth Avenue, Portland, Oregon  97209 (telephone 503.222.0552;

25    facsimile 503.222.0984).  In accordance with CR 55(a)(3), Defendant demands that its

26    ///

**PAGE 1 - NOTICE OF APPEARANCE**
**OF DEFENDANT TWIN CAPITAL MORTGAGE, INC.**

I:\91019\8\PL-SUPCT\00415444.WPD

AMBROSE LAW GROUP LLC
ATTORNEYS AT LAW
200 BUDDHA BUILDING
312 NW TENTH AVENUE
PORTLAND, OREGON  97209
TELEPHONE (503) 222-0552
FACSIMILE (503) 222-0984

1    undersigned counsel be served with not less than five days' prior written notice of any

2    application for an order of default against it.

3          DATED this 27TH day of October, 2009.

4

5                                    AMBROSE LAW GROUP LLC

6

7                                    Christopher R. Ambrose, WSBA No. 26237
                                     Of Attorneys for Defendant
                                     Twin Capital Mortgage, Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**PAGE 2 - NOTICE OF APPEARANCE**
**OF DEFENDANT TWIN CAPITAL MORTGAGE, INC.**

I:\91019\8\PL-SUPCT\00415444.WPD

AMBROSE LAW GROUP LLC
ATTORNEYS AT LAW
200 BUDDHA BUILDING
312 NW TENTH AVENUE
PORTLAND, OREGON 97209
TELEPHONE (503) 222-0552
FACSIMILE (503) 222-0984

1                             **CERTIFICATE OF SERVICE**

2         I certify that on the date indicated below, I served the foregoing ***NOTICE OF***

3 ***APPEARANCE OF DEFENDANT TWIN CAPITAL MORTGAGE, INC.,*** on the attorney of record

4 for plaintiff by placing a true copy in a postage prepaid envelope addressed to said

5 recipient at the address shown below, and depositing the envelope in the mails of the

6 United States Postal Service in Portland, Oregon, on this date, and by sending a true copy

7 to said recipient via facsimile at the facsimile number shown below, also on this date.

8         Melissa A. Huelsman, P.S.
9         705 Second Avenue, Suite 501
           Seattle, Washington 98104
10       Facsimile: 206.447.0115
           ***Attorney for Plaintiffs***

11

12       DATED this 27th day of October, 2009.

13                         AMBROSE LAW GROUP LLC

14

15                         Christopher R. Ambrose, WSBA No. 26237
                        Of Attorneys for Defendant
16                     Twin Capital Mortgage, Inc.

17

18

19

20

21

22

23

24

25

26

AMBROSE LAW GROUP LLC
ATTORNEYS AT LAW
200 BUDDHA BUILDING
312 NW TENTH AVENUE
PORTLAND, OREGON 97209
TELEPHONE (503) 222-0552
FACSIMILE (503) 222-0984

 **Thank you. Your document(s) has been received by the Clerk.**

## Confirmation Receipt

| | |
|---|---|
| **Case Number:** 09-2-31265-6 | **Case Designation:** SEA |

**Case Title:** VAWTER ET ANO VS QUALITY LOAN SERVICE CORP OF WASHINGTON ET AL

| | |
|---|---|
| **Filed By:** John Fetters | **Submitted Date/Time:** 11/6/2009 10:26:32 AM |
| | **Received Date/Time:** 11/6/2009 10:26:32 AM |

| | |
|---|---|
| **User ID:** FETTERS1 | **WSBA #:** 40800 |

| Document Type | File Name | Attachment(s) | Cost |
|---|---|---|---|
| NOTICE OF APPEARANCE OF PAUL FINANCIAL LLC | NOTICE OF APPEARANCE.pdf | | 0.00 |



1

2

3

4

5

6

7                    SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

8   HENRY AND ROSE VAWTER,                      NO.  09-2-31265-6 SEA

9              Plaintiffs                       NOTICE OF APPEARANCE BY
                                                DEFENDANT PAUL FINANCIAL,
10        v.                                     LLC

11  QUALITY LOAN SERVICE CORPORATION
    OF WASHINGTON; PAUL FINANCIAL,
12  LLC; TWIN CAPITAL MORTGAGE;
    MORTGAGE ELECTRONIC
13  REGISTRATION SYSTEMS; JP MORGAN
    CHASE BANK; and Doe Defendants 1 through
14  20, inclusive,

15             Defendants.

16

17        TO:          THE CLERK OF THE COURT;

18        AND TO:      MELISSA A. HUELSMAN, Melissa A. Huelsman, P.S., plaintiffs'
                       attorneys of record.
19

20        Notice is hereby given that the law firm of Williams Kastner & Gibbs PLLC and

21  attorneys Dana A. Ferestien and John T. Fetters hereby enter notice of appearance on behalf of

22  defendant Paul Financial, LLC, in the above-captioned matter.  All further communications

23  concerning this matter are to be directed to the undersigned.

24
          DATED this 6th day of November, 2009.
25

NOTICE OF APPEARANCE BY DEFENDANT PAUL FINANCIAL,        **Williams, Kastner & Gibbs PLLC**
LLC - 1                                                  601 Union Street, Suite 4100
                                                         Seattle, Washington 98101-2380
                                                         (206) 628-6600

2673764.1

1

2   By s/John T. Fetters, WSBA#40800_____

3   Dana A. Ferestien, WSBA #26460
    John T. Fetters, WSBA #40800
    WILLIAMS, KASTNER & GIBBS PLLC
    601 Union Street, Suite 4100

4   Seattle, WA  98101-2380
    Telephone:    (206) 628-6600

5   Fax:          (206) 628-6611
    Email:        dferestien@williamskastner.com

6                 jfetters@williamskastner.com

7   Attorneys for Defendant Paul Financial

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

NOTICE OF APPEARANCE BY DEFENDANT PAUL FINANCIAL,
LLC - 2

2673764.1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I filed the foregoing with the Clerk of the Court on November 6, 2009, and we caused to be served on the following counsel in the manner indicated below:

Melissa A. Huelsman, WSBA #30935
MELISSA A. HUELSMAN, P.S.
705 Second Avenue, Suite 501
Seattle, Washington 98104
(206) 447-0103
(206) 447-0115 Facsimile
Mhuelsman@predatorylendinglaw.com

☑ Via Legal Messenger
☐ Via Facsimile
☐ Via electronic mail (ECF)
☐ Via U.S. Mail
☐ Via Overnight Courier

Attorneys for plaintiffs

Fred Burnside, WSBA #32491
Matthew Sullivan, WSBA #40873
DAVIS WRIGHT TREMAINE, LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101-3045
(206) 622-3150
(206) 757-7700 Facsimile
FredBurnside@dwt.com
matthewsullivan@dwt.com

☑ Via Legal Messenger
☐ Via Facsimile
☐ Via electronic mail (ECF)
☐ Via U.S. Mail
☐ Via Overnight Courier

Attorneys for defendant JP Morgan Chase Bank

Christopher R. Ambrose, WSBA #26237
AMBROSE LAW GROUP, LLC
200 Buddha Building
312 NW Tenth Avenue
Portland, Oregon 97209
(503) 222-0552
(503) 222-0984 Facsimile
crambrose@ambroselaw.com

☐ Via Legal Messenger
☐ Via Facsimile
☑ Via electronic mail (ECF)
☐ Via U.S. Mail
☐ Via Overnight Courier

Attorneys for defendant Twin Capital Mortgage, Inc.

NOTICE OF APPEARANCE BY DEFENDANT PAUL FINANCIAL, LLC - 3

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2673764.1

1

Joni M. Derifield
MCCARTHY & HOLTHUS, LLP

2

19735 10th Ave NE, Suite N-200
Poulsbo, WA 98370

☑ Via Legal Messenger
☐ Via Facsimile

3

(206) 319-9100
(206) 780-6862 Facsimile
jderifield@mccarthyholthus.com

☐ Via electronic mail (ECF)
☐ Via U.S. Mail

4

☐ Via Overnight Courier

5

Attorneys for defendant Quality Loan Service
Corporation of Washington

6

7

DATED this 6th day of November, 2009.

8

9

By s/John T. Fetters, WSBA#40800_____
Dana A. Ferestien, WSBA #26460
John T. Fetters, WSBA #40800

10

WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100

11

Seattle, WA  98101-2380
Telephone:     (206) 628-6600

12

Fax:              (206) 628-6611
Email:           dferestien@williamskastner.com

13

jfetters@williamskastner.com

14

Attorneys for Defendant Paul Financial

15

16

17

18

19

20

21

22

23

24

25

NOTICE OF APPEARANCE BY DEFENDANT PAUL FINANCIAL,
LLC - 4

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2673764.1