Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| HENRY AND ROSE VAWTER<br><br>Plaintiffs,<br><br>v.<br><br>QUALITY LOAN SERVICE CORPORATION OF WASHINGTON; PAUL FINANCIAL, LLC; TWIN CAPITAL MORTGAGE; MORTGAGE; ELECTRONIC REGISTRATION SYSTEMS; JP MORGAN CHASE BANK and Doe Defendants 1 through 20, inclusive,<br><br>Defendants. | Case No. C09-1585 JLR<br><br>PLAINTIFFS' SUPPLEMENTAL BRIEFING IN RESPONSE TO DEFENDANT JP MORGAN CHASE BANK, N.A. AND MORTGAGE ELECTRONIC REGISTRATION SYSTEM'S REPLY IN SUPPORT OF THE MOTION FOR JUDGMENT ON THE PLEADING PURSUANT TO FRCP 12 (c) |

VAWTERS' RESPONSE TO REPLY TO MOTION FOR JUDGMENT ON THE PLEADING PER FRCP 12(c)- 1

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 1-5-
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

The Vawters hereby provide their Supplemental Briefing.

The additional documents submitted with the Reply are irrelevant under the standards of FRCP 12(b)(6) and 12(c).[1] The Vawters assert in their Complaint that Defendant Chase did not have their Promissory Note **at the time that the foreclosure was initiated**. Com.(Dkt. 2) Even if this Court were to consider that Chase now has physical possession of the Note endorsed in blank, there is no evidence regarding when it acquired the Note. *See,* Lowry Dec. (Dkt. 22). As this Court noted at oral argument, these Defendants have conceded that the foreclosure was improperly initiated and that Defendant Quality was not properly appointed as the Trustee. *See,* Exh. D and E attached to the Sullivan Dec. (Dkt. 12). Thus, there are violations of the Deed of Trust Act ("DTA"), RCW 61.24, *et seq.*, and these acts may support claims for violation of the Consumer Protection Act, RCW 19.86, *et seq.*

In spite of their wrongful acts, the Defendants maintain that they should be free from liability so "that the non-judicial foreclosure process should be efficient and inexpensive", citing *Plein v. Lackey,* 149 Wn.2d 214, 228 (2003). Reply; 1:8-10, leaving out the rest:

> The three goals of the Washington deed of trust act are: (1) that the nonjudicial foreclosure process should be efficient and inexpensive, (2) **that the process should result in interested parties having an adequate opportunity to prevent wrongful foreclosure**, and (3) that the process should promote stability of land titles. *Cox v. Helenius,* 103 Wn.2d 383, 387, 693 P.2d 683 (1985); *Country Express Stores, Inc. v. Sims,* 87 Wn.App. 741, 747-48, 943 P.2d 374 (1997); Joseph L. Hoffmann, Comment, *Court Actions Contesting the Nonjudicial Foreclosure of Deeds of Trust in Washington,* 59 WASH. L. REV. 323, 330 (1984). The act includes a specific procedure for stopping a trustee's sale so that an action contesting default can take place.

*Plein v. Lackey,* at 225-226 (emphasis added). The provisions allowing for an efficient process

---

[1] In considering a FRCP 12(b)(6) motion, the court must "(1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief." Schwarzer, Tashima & Wagstaffe, RUTTER GROUP PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL (The Rutter Group 2006) 9:187.

VAWTERS' RESPONSE TO REPLY TO MOTION FOR JUDGMENT ON THE PLEADING PER FRCP 12(c)- 2

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 1-5-
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

are not any more important than those provisions that provide parties with opportunities to prevent wrongful foreclosure, as the Vawters have done. There are no claims for failure to modify the loan (Reply, fn. 2) and the mention of attempted loan modification in the Complaint takes up three lines. Com., 11:20-22. (Dkt. 2).  The Vawters contacted the entity that sent them statements every month and statements that they tried to modify are not an "admission" about ownership of the loan. Chase now maintains that it is "not seeking payment of the Note". Reply; 2:7-10. This assertion directly contradicts the contents of the documents offered to this Court by Chase.  The Notice of Foreclosure, attached as Exhibit A to the Burnside Dec. (Dkt. 23) and the Notice of Trustee's Sale attached as Exhibit B to the Sullivan Dec. (Dkt. 12).[2]  It is also ignores the DTA requirements to initiate a foreclosure by sending a Notice of Default, which includes specific recitations about amounts owed, as well as Chase's assertions about its right to collect because the Note is "bearer paper".[3]

---

[2] The Notice of Foreclosure demands payment of $14,899.28 by August 17, 2009 to stop the foreclosure sale on Page 1.  It also lists an amount to pay the debt in full.  The Notice states that "[t]he attached Notice of Trustee's Sale is a consequence of default(s) in the obligation to **JP Morgan Chase Bank, National Association**, the beneficiary of your Deed of Trust and owner of the obligation secured thereby." The Notice of Trustee's Sale (pg. 1) says that the "default" amount is **$9,771.14** and that the Notice is being issued because of a "failure to pay". Paragraph V (pg 2) says, "The above-described real property will be sold to satisfy the expense of sale and the obligation secured by the Deed of Trust as provided by statute.", and goes on to say that the sale can be stopped by making payment.  The last page of the Notice of Trustee's Sale indicates that the document is "AN ATTMEPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE."

[3] The Notice of Default must state: That a default has occurred in the obligation secured or a covenant of the grantor, which by the terms of the deed of trust makes operative the power to sell. RCW 61.24.030(3). Pursuant to RCW 61.24.030(8), it also must state, among other things: That at least thirty days before notice of sale shall be recorded, transmitted or served, written notice of default shall be transmitted by the beneficiary or trustee to the borrower and grantor . . . a copy of the notice . . . This notice shall contain the following information: (c) A statement that the beneficiary has declared the borrower or grantor to be in default, and a concise statement of the default alleged; (d) An itemized account of the amount or amounts in arrears if the default alleged is failure to make payments; (e) An itemized account of all other specific charges, costs, or fees that the borrower, grantor, or any guarantor is or may be obliged to pay to reinstate the deed of trust before the recording of the notice of sale; (f) A statement showing the total of (d) and (e) of this subsection, designated clearly and conspicuously as the amount necessary to reinstate the note and deed of trust . . .; (g) A statement that failure to cure the alleged default . . . may lead to recordation, transmittal, and publication of a notice of sale, . . .; (h) A statement that the effect of the recordation, transmittal, and publication of a notice of sale will be to (i) increase the costs and fees and (ii) publicize the default and advertise the grantor's property for sale; (i) A statement that the effect of the sale of the grantor's property by the trustee will be to deprive the grantor of all their interest in the property described in (a) of this subsection.

VAWTERS' RESPONSE TO REPLY TO MOTION FOR JUDGMENT ON THE PLEADING PER FRCP 12(c)- 3

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 1-5-
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

Chase cites only to another District Court opinion in support of its position that there are no claims available for wrongful initiation of a foreclosure. *Pfau v. Washington Mut., Inc.,* 2009 WL 484448 at *12 (E.D. Wash. 2009); Reply6:1-5. The Vawters do not allege a common law claim but rather, a claim for violations of the DTA. The Court in *Pfau* was focused on the requirement of the borrower to enjoin the sale in order to preserve his rights. *Id.* at 12-14. It cited to several Washington cases discussing enjoinder, but none of those cases hold that the only remedy available to a borrower is enjoinder. Rather, those courts were focused upon the requirement to seek enjoinder to preserve rights, not as determining the only remedy for wrongful acts. *Id.* The holding that Mr. Pfau should have tried to enjoin action makes sense since the non-judicial foreclosure process is outside of the court system and the burden shifts to the borrower.. But it is important to note, that the Court in *Pfau* made reference to RCW 61.24.090(2) and its provisions for award of costs and fees to the prevailing party. *Id.*; RCW 61.24.090(2). In addition, the waiver provisions under the DTA have been changed substantially and numerous claims are now available to borrowers even after foreclosure. RCW 61.24.127(1)(a-c).

The Vawters respectfully request that the Court reconsider its ruling in *Fong v. Prof'l Foreclosure Corp.,* 2005 WL 1711131 (E.D. Wash. 2005), holding that "foreclosing on a deed of trust is distinct from the collection of the obligation to pay money", which appears to form the basis for Chase's assertion that it is not collecting a debt. *Id.* at *3. It appears that this Court did not consider the tasks involved in a foreclosure, similar to the Court in *Hulse v. Ocwen Fed. Bank*, 195 F.Supp.2d 1188 (D.Or. 2002). In *Hulse,* the Court determined that foreclosure was not a "debt collection" activity as defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1601, *et seq.* and the corollary Oregon statute. It cited to only

VAWTERS' RESPONSE TO REPLY TO MOTION FOR JUDGMENT ON THE PLEADING PER FRCP 12(c)- 4

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 1-5-
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

one case, *Heinemann v. Jim Walter Homes, Inc.,* 47 F.Supp.2d 716 (D.W.Va. 1998), *aff'd* 173 F.3d 850 (4th Cir. 1999), which contained no analysis of foreclosure law but nevertheless held that the FDCPA did not apply.  However, the *Heinemann* decision has been overruled by *Wilson v. Draper & Goldberg,* 443 F.3d 373 (4th Cir. 2006).  In *Wilson,* the 4th Circuit expressly rejected the foreclosure lawyers' assertion that they were not collecting a debt as defined by the FDCPA because the action was *in rem* and noted, as is the case here, that the lawyers advised that reinstatement could occur if monies were paid.  *Id.* at 376.  Thus, the *Wilson* Court expressly rejects the summary decision rendered in *Heinemann,* which is the case that supported the Court's holdings in *Hulse* and subsequently in *Fong.*

The *Wilson* decision was rendered at approximately the same time as *Kaltenbach v. Richards,* 464 F.3d 524 (5th Cir. 2006).  The Court in *Kaltenbach* did not rely upon the *Wilson* decision, but still reached the same conclusion – that the FDCPA did apply to attorneys and/or trustees who were attempting to collect a debt by foreclosing.  The 3rd Circuit in *Piper v. Portnoff Law Assocs.*, 396 F.3d 227, 234 (3rd Cir. 2005) reached the same conclusion and emphasized the importance of the fact that the foreclosing law firm was asking for money to reinstate the loan.  *Id.*  In *Hulse*, there is no indication that the Court even considered that when foreclosing, a trustee and beneficiary are concurrently making demands for money to stop the sale. It is clear that the 3rd, 4th and 5th Circuit Courts in *Wilson, Kaltenbach* and *Piper* found that the demand for payment was debt collection activity in lieu of seizing the real property.  That is exactly what occurred here, as evidenced by the Notices sent to the Vawters cited above, consistent with the purpose of deeds of trust.

> In some jurisdictions, a deed of trust is used a security for a loan, instead of a mortgage. Under a deed of trust, legal title to the property is transferred from the property owner to a trustee to be held for the benefit of the lender, to secure repayment of the loan.  **If**

VAWTERS' RESPONSE TO REPLY TO MOTION FOR JUDGMENT ON THE PLEADING PER FRCP 12(c)- 5

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 1-5-
SEATTLE, WASHINGTON  98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

**the loan is not repaid, the lender can direct the trustee to sell the property to satisfy the outstanding debt, in accordance with the power of sale in the deed of trust and any applicable statutory provisions.**

National Consumer Law Center, Foreclosures (2d. ed. 2007), §4.5, citing to Milton R. Friedman, Friedman on Contracts & Conveyances of Real Prop. § 6.1 (2001) (emphasis added).[4]  If foreclosure were not debt collection, then there would be no purpose to the provisions of the DTA which preclude any further collection activities after a foreclosure is completed.  RCW 61.24.100(1).[5]  In fact, Chase repeatedly contends in its Reply that the documentation irregularities are irrelevant to the Vawters because "***the obligations under the Note disappear upon foreclosure***."  Reply; 8:22-24.  If the obligation disappears once title to the real property transfers, then foreclosure is debt collection. Under the DTA, a "beneficiary" is defined as "holder of the instrument or document evidencing the obligations secured by the deed of trust, excluding persons holding the same as security for a different obligation."  RCW 61.24.005.  This is consistent with the UCC, Article 3, as adopted by Washington.  RCW 62A.3-203.  Consistent with these provisions, the Court in *Walcker v. Benson and McLaughlin,* 79 Wash.App. 739, 904 P.2d 1176 (1995) made it clear that the Note cannot be separated from the Deed of Trust, which secures the obligation evidenced in the Note.[6]  Thus, foreclosure is debt collection.

---

[4] In *Miller v. NW Trustee Services,* 2005 WL 1711131 (E.D. Wash. 2005), the Court did not have the benefit of the 3rd, 4th and 5th Circuit opinions re: applicability of the FDCPA to foreclosure actions when it rendered its decision and relied solely upon *Heinemann*, *Hulse,* and another 1994 case. Similarly, when this Court rendered its decision in *Fong v. Prof'l Foreclosure Corp.,* 2005 WL 3134509 (W.D. Wash. 2005), it considered only the cases of *Heinemann, Hulse* and a car repossession case from DE. It does not appear as though this Court considered the analysis in which the 3rd, 4th and 5th Circuits engaged, nor does it appear that this Court considered the import of the demands for payment in the foreclosure notices when determining that foreclosing on real property is not debt collection.

[5] ". . . a deficiency judgment shall not be obtained on the obligations secured by a deed of trust against any borrower, grantor, or guarantor after a trustee's sale under that deed of trust."  RCW 61.24.100(1).

VAWTERS' RESPONSE TO REPLY TO MOTION FOR JUDGMENT ON THE PLEADING PER FRCP 12(c)- 6

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 1-5-
SEATTLE, WASHINGTON  98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

1  DATED this 30th day of March, 2010.

2                                       Law Offices of Melissa A. Huelsman, P.S.

3                                       __/s/ Melissa A. Huelsman_____
                                        Melissa A. Huelsman, WSBA #30935
4                                       Attorney for Plaintiffs Henry and Rose Vawter

---

[6] In that case, the Court refused to allow the beneficiary under a deed of trust to ignore the statute of limitations on enforcement of the Note and seek payment by using the non-judicial foreclosure process after the time period had passed.   *Walcker v. Benson and McLaughlin,* 79 Wash.App. 739, 904 P.2d 1176 (1995).

VAWTERS' RESPONSE TO REPLY TO MOTION FOR
JUDGMENT ON THE PLEADING PER FRCP 12(c)- 7

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 1-5-
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115