1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF WASHINGTON
                                  AT SEATTLE
9

10   HENRY VAWTER, et al.,                    CASE NO. C09-1585JLR

11                      Plaintiffs,           ORDER GRANTING IN PART
                                              MOTIONS FOR DEFAULT
12          v.                                JUDGMENT

13   QUALITY LOAN SERVICE
     CORPORATION OF
14   WASHINGTON, et al.,

15                      Defendants.

16                       **I.      INTRODUCTION**

17          Before the court are Plaintiffs Henry and Rose Vawter's renewed motions for

18   entry of default judgment against Defendants Twin Capital Mortgage, Inc. ("Twin

19   Capital") and Paul Financial, LLC ("Paul Financial").  (Dkt. ## 63, 64, 67.)[1]  The court

20   has considered the motions, the declaration filed in support thereof (Huelsman Decl.

21   _____

22          [1] The motion at docket number 64 is a duplicate of the motion at docket number 63.

ORDER- 1

1   (Dkt. # 66)), as well as the records and files herein, and GRANTS in part and DENIES in

2   part the motions as stated below.

3                                   **II.      BACKGROUND**

4           On January 12, 2010, counsel appeared in this litigation on behalf of Paul

5   Financial.  (Dkt. # 8.)  On February 22, 2010, counsel appeared in this litigation on behalf

6   of Twin Capital.  (Dkt. # 25.)  By order dated February 4, 2010, counsel for Paul

7   Financial withdrew from representing Paul Financial in this matter.  (Dkt. # 16.)  By

8   order dated May 24, 2010, counsel for Twin Capital withdrew from representing Twin

9   Capital in this matter.  (Dkt. # 38.)

10          Local Rule W.D. Wash. GR 2(g)(4)(B) requires a business entity, other than a sole

11  proprietorship, to "be represented by counsel."  *Id.*  Further, failure to obtain a

12  replacement attorney may result in the entry of default against the business entity.  *See id.*

13  Therefore, on June 2, 2010, the court ordered both Paul Financial and Twin Capital to file

14  a notice of appearance identifying new counsel by Friday, June 11, 2010.  (June 2, 2010

15  Order (Dkt. # 41).)  Neither Defendant ever acquired new representation in this matter.

16  Consequently, an order of default was entered against Paul Financial on June 16, 2010

17  (Dkt. # 46) and against Twin Capital on July 6, 2010 (Dkt. # 48).

18          On January 21, 2011, Plaintiffs filed motions for the entry of default judgment

19  against Paul Financial and Twin Capitol.  (Dkt. ## 59 & 61.)  On March 7, 2011, the

20  court denied the motions on several grounds.  (March 7, 2011 Order (Dkt. # 62).)  First,

21  Plaintiffs failed to file an affidavit or declaration of service, or other evidence on the

22  record, indicating that they attempted service on or provided notice to either Paul

1    Financial or Twin Capital as required under both Federal Rule of Civil Procedure

2    55(b)(2) and Local Rule W.D. Wash. CR 55(b)(2).  (March 7, 2011 Order at 2-4.)  In

3    addition, the court found that the Vawters provided no basis, rate, or method of

4    calculation for their request for prejudgment interest.  (*Id.*)  The court also found that

5    although Plaintiffs recited in their motion that their request for attorneys fees and costs

6    was supported by "the Declaration of Melissa A. Huelsman re:  Attorneys Fees," no such

7    declaration was filed with the court.  (*Id.*)  Accordingly, the court denied Plaintiffs'

8    motions for entry of default judgment, but permitted Plaintiffs the opportunity to correct

9    the noted deficiencies and reapply for default judgment against these two defendants

10   within ten days of the court's March 7, 2011 order.  (*Id.*)

11        On March 17, 2011, Plaintiffs filed two identical copies of their renewed motion

12   for default judgment against Paul Financial (Dkt. ## 63, 64).  On March 18, 2011, one

13   day after the deadline set by the court in its March 7, 2011 order, Plaintiffs filed their

14   renewed motion for default judgment against Twin Capital (Dkt. # 67).  Both motions are

15   supported by the declaration of Melissa A. Huelsman.  (Huelsman Decl.)  In addition,

16   Ms. Huelsman filed a declaration attesting to service of the motions for default judgment

17   upon Paul Financial and Twin Capital.  (Dkt. # 66.)

18                        **III.    ANALYSIS**

19        Entry of default judgment is left to the court's sound discretion.  *DIRECTV, Inc. v.*

20   *Hoa Huynh,* 503 F.3d 847, 852 (9th Cir. 2007) (citing *Aldabe v. Aldabe,* 616 F.2d 1089,

21

22

1092 (9th Cir. 1980)). [2]  Because granting or denying relief is within the court's

discretion, a defendant's default does not automatically entitle a plaintiff to a court

ordered judgment.  *See Aldabe,* 616 F.2d at 1092-93; *see also Philip Morris USA, Inc. v.*

*Castworld Products, Inc.,* 219 F.R.D. 494, 498 (C.D. Cal. 2003).

      In *Eitel v. McCool,* 782 F.2d 1470, 1471-72 (9th Cir. 1986), the Ninth Circuit set

out factors for the court to consider when determining the appropriateness of entering

default judgment.  Factors which may be considered include: (1) the possibility of

prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the

sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the

possibility of a dispute concerning material facts, (6) whether the default was due to

excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil

Procedure favoring decisions on the merits.  *Id.*  When considering the *Eitel* factors, all

factual allegations in the plaintiff's complaint are taken as true, except for those related to

damages.  *Fair Housing of Marin v. Combs,* 285 F.3d 899, 906 (9th Cir. 2002);

*TeleVideo Sys., Inc. v. Heidenthal,* 826 F.2d 915, 917-18 (9th Cir. 1987).  The court is not

required to make detailed findings of fact.  *Id.*

      The court finds that the first *Eitel* factor weighs in favor of granting the Vawters'

renewed motions for default judgment.  The court finds that there is a possibility of

---

[2] Because the Vawters have filed evidence of service of their renewed motions for default judgment upon Twin Capital and Paul Financial in compliance with the local and federal rules (Dkt. # 66), the court finds that the Vawters have met the necessary notice requirement prior to entry of default judgment against these defendants.  *See* Fed. R. Civ. P. 55(b)(2); Local Rules W.D. Wash. CR 55(b)(2).

ORDER- 4

1  prejudice to the plaintiff if default judgment is not granted.  Taking the well-plead

2  allegations of the complaint as true, the court concludes that theVawters have suffered

3  economic loss as a result of Twin Capital's and Paul Financial's failures to provide

4  accurate statements concerning the true costs associated with their home refinance loan.

5  Accordingly, the Vawters are entitled to be made whole.

6        The court also finds that *Eitel* factors two, three, and five also weigh in favor of

7  the entry of default judgment against Twin Capital and Paul Financial.  The well-plead

8  facts in the complaint, along with the declaration of Melissa Huelsman (Dkt. # 65),

9  establish the merits of the Vawters' case against these two defendants, and there is no

10 dispute concerning the material facts.  With regard to Twin Capital, the well-pleaded

11 facts indicate that Twin Capital was a mortgage broker licensed with the State of

12 Washington, and that it engaged in mortgage brokering by providing the Vawters with a

13 mortgage loan.  Thus, Twin Capital was required to comply with Washington's Mortgage

14 Broker Practices Act ("MBPA"), RCW ch. 19.146.  Twin Capital failed to make certain

15 disclosures to the Vawters as required by RCW 19.146.030 and RCW 19.146.0201, and it

16 collected and charged a fee in violation of these same provisions.  Violations of the

17 MBPA are per se violations of the Washington Consumer Protection Act ("CPA"), RCW

18 19.86.100.  *See* RCW 19.146.100.  The Vawters allege that these same acts also

19 constituted violations of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, *et seq.*

20       With regard to Paul Financial, the well-pleaded facts of the complaint indicate that

21 Paul Financial was a consumer loan company operating within Washington State, and

22 that it engaged in mortgage lending by providing the Vawters with a mortgage loan.  The

ORDER- 5

1   Vawters assert that Paul Financial violated the CPA by failing to provide certain

2   disclosures as required by the Washington Consumer Loan Act ("CLA"), RCW ch.

3   31.04, and TILA.  Violations of TILA constitute violations of the CLA, RCW 31.04.027,

4   and violations of CLA are per se violations of the CPA, RCW 31.04.208.

5          The fourth *Eitel* factor, the sum of money at stake, also favors the entry of default

6   judgment.  The Vawters seek $14,383.15 in damages against Twin Capital with regard to

7   the charging of fees not properly disclosed in advance of the loan signing.  In addition,

8   they seek $2,000 in statutory damages under TILA, and $10,000 under the CPA (which

9   allows for treble damages up to $25,000),[3] for a total award of $26,383.15 against Twin

10  Capital.  The Vawters seek $548.95 in damages against Paul Financial with regard to the

11  charging of fees which were not disclosed correctly in advance of the loan signing.  In

12  addition, the Vawters seek $2,000 in statutory damages under TILA, and a trebling of

13  damages under the CPA, for a total of $4,195.80.[4]  In general, default judgment is

14  disfavored if there are large sums of money involved.  *Eitel,* 782 F.2d at 1472.  The

15  Vawters' modest requests for damages here favor the entry of default judgment.

16         The sixth factor also favors entry of default judgment.  The entry of default against

17  Twin Capital and Paul Financial was not due to excusable neglect, but rather a

18  withdrawal of their counsel and failure to secure new counsel.  A business entity must be

19  

20         [3] Although the CPA permits the trebling of actual damages up to $25,000, *see* RCW 19.86.090, the Vawters ask for only $10,000 under this provision.  (*See* Dkt. # 67 at 10.)

21         [4] The Vawters seek $10,000 under the CPA against Paul Financial (*see* Dkt. # 67 at 9),

22  but the court is at a loss as to how a trebling of their $548.95 in damages could amount to more than $1,646.85.

1    represented by counsel or subject itself to the entry of default.  Local Rules W.D. Wash.

2    GR 2(g)(4)(B).  When neither Twin Capital nor Paul Financial secured new

3    representation, the court properly entered default orders against them.  (*See* Dkt. ## 41,

4    45, 46, 47, 48.)

5        The seventh factor, the strong policy favoring decisions on the merits, will almost

6    always disfavor the entry of default judgment.  Nevertheless, because the other factors

7    favor the entry of default judgments, the court finds on balance that entry of default

8    judgments against Twin Capital and Paul Financial is appropriate.

9        As noted above, the sum the Vawters seek against Twin Capital includes:

10   $14,383.15 in damages, plus $2,000 in statutory damages under TILA, and $10,000 under

11   the CPA for a total award of $26,383.15.  The court finds that this amount of damages is

12   reasonable and supported by the factual record.  (*See* Huelsman Decl. (Dkt. # 65).)  The

13   sum the Vawters seek against Paul Financial includes:  $548.95 in damages, $2,000 in

14   statutory damages under TILA, and a trebling of damages under the CPA.  Although the

15   Vawters state that they seek $10,000 against Paul Financial under the CPA, the court

16   finds that an appropriate trebling of damages under the CPA would total only $1,646.85.

17   Thus, the Vawters' total damages claim against Paul Financial amounts to $4,195.80.

18   The court also finds that this amount of damages is reasonable and supported by the

19   record.  (*See id.*)

20       Although the Vawters request an award of attorneys fees and costs against both

21   Twin Capital and Paul Financial, they fail to provide any evidentiary support for such a

22   request.  Their motions recite that their requests are supported by "the Declaration of

ORDER- 7

1    Melissa A. Huelsman re:  Attorneys Fees, which is being filed concurrently herewith."

2    (Dkt. # 67 at 10; Dkt. # 64 at 10.)  However, no such declaration has ever been filed with

3    the court.  The court previously brought the failure to file the supporting declaration to

4    the Vawters' attention (Dkt. # 62 at 4), but the Vawters have failed to correct this

5    evidentiary deficiency.  Accordingly, the court denies the Vawters' request for attorneys

6    fees and costs.

7          In addition, although the Vawters seek an award of prejudgment interest against

8    both Twin Capital and Paul Financial, they fail to provide the court with a basis for this

9    award, an appropriate rate of interest, and a specific method of calculation.  The court

10   previously brought this deficiency to the Vawters' attention (*id.*), but they again have

11   failed to correct this deficiency.  As a result, the court denies the Vawters' request for

12   prejudgment interest as well.

13                              **IV.    CONCLUSION**

14         For the foregoing reasons, the court GRANTS in part the Vawters' second motion

15   for default judgment against Paul Financial (Dkt. ## 63 & 64) in the amount of

16   $4,195.80, and GRANTS in part the Vawters' second motion for default judgment

17   against Twin Capital (Dkt. # 67) in the amount of $26,383.15.  The court DENIES the

18   Vawters' requests for attorneys fees and costs and prejudgment interest against both

19   defendants.  The court further orders the Vawters to mail a copy of this order to Twin

20

21

22

ORDER- 8

1    Capital and Paul Financial within seven days of the date of this order.

2           Dated this 27th day of April, 2011.

3

4

5           _____

6           JAMES L. ROBART
            United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER- 9