The Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
IN SEATTLE

| | |
|---|---|
| HENRY AND ROSE VAWTER, ) <br> ) <br>               Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> QUALITY LOAN SERVICE ) <br> CORPORATION OF WASHINGTON; PAUL ) <br> FINANCIAL, LLC; TWIN CAPITAL ) <br> MORTGAGE; MORTGAGE; ELECTRONIC ) <br> REGISTRATION SYSTEMS; JP MORGAN ) <br> CHASE BANK and Doe Defendants 1 through ) <br> 20, inclusive, ) <br> ) <br> ) <br>               Defendants. ) | Case No. 09-1585 JLR <br><br> PLAINTIFFS' RESPONSE TO MOTION FOR ATTORNEY'S FEES BY DEFENDANT QUALITY LOAN SERVICE CORPORATION OF WASHINGTON, INC. |

Comes now, Plaintiffs Henry and Rose Vawter, to respond to the Motion for Attorney's Fees brought by Defendant Quality Loan Service Corporation of Washington, Inc. ("QLS").

**FACTS**

This Court has determined that the claims against Defendant QLS should be dismissed. Obviously, they disagree with this ruling, but that is separate from the issues related to whether Defendant QLS is entitled to attorney's fees in defending this case. As this Court noted during the oral argument regarding Defendant Chase and MERS' Motion to Dismiss and in both of its Orders Dismissing Chase, MERS and QLS, Defendant QLS was "prematurely appointed" as the successor trustee before the Vawters filed this case. (Dkt. 30 and 54).

PLTFS' RESPONSE TO MOTION FOR ATTORNEY'S FEES
- 1
Case no. 09-1585 JLR

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 1050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

As acknowledged by this Court, Defendant Chase caused an Assignment of the Deed of Trust to be recorded **after** the Vawters filed their case. *See,* Declaration of Matthew Sullivan (Dkt. 12). Under the requirements of the DTA, it is the "beneficiary" who has the power to appoint the Successor Trustee. RCW 61.24.010( 2). "Beneficiary" is defined as: holder of the instrument or document evidencing the obligations secured by the deed of trust, excluding persons holding the same as security for a different obligation." RCW 61.24.005. The "premature" Appointment of Successor Trustee document was recorded in the records of King County, Washington on April 28, 2009. Based this "premature" appointment, Defendant QLS initiated the Vawters' foreclosure sale on May 28, 2009. Further, the Appointment of Successor Trustee document supposedly making the appointment was actually done by an employee of Lender's Processing Services, Christina Allen, as demonstrated by the deposition transcript provided to this Court by counsel for the Vawters. *See,* Declaration of Greg Allen filed in support of the Motion for Summary Judgment filed by Defendant Lender's Processing Service, in *Bain v. Metropolitan Mortgage Group,* Case No. CV-09-00149-JCC (U.S.D.C. Western Dist. WA), a true and correct copy of which was attached to the Declaration of Melissa A. Huelsman. (Dkt. ).

The "corrective" documents recorded in King County by Chase include an Assignment from MERS to Chase which was recorded on October 9, 2009. Sullivan Dec. (Dkt. 12). In connection with its Motion for Judgment on the Pleadings, this Court took notice of the newly executed and recorded Appointment of Successor Trustee document signed by Jeanni D. Lowry (title not identified) on January 13, 2010 on behalf of JP Morgan Chase Bank, National Association. As Chase conceded at oral argument, this document was executed for the sole purpose of "correcting" the improper foreclosure which Chase had already initiated. Thus, at

PLTFS' RESPONSE TO MOTION FOR ATTORNEY'S FEES - 2
Case no. 09-1585 JLR

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 1050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

the time that the Vawters brought suit to stop the foreclosure sale, Defendant QLS had not been properly appointed as the Trustee as required by the Deed of Trust Act. Further, the Vawters obtained a temporary restraining order from the King County Superior Court prior to the removal of this case to the federal courts. Thus, the Vawters were the prevailing parties for purposes of the requirements of the Deed of Trust Act in stopping a wrongfully initiated foreclosure sale. Although this Court found that the Vawters were not damaged by the actions of Defendant QLS related to the foreclosure, the simple fact is that they successfully stopped the sale and it had to be "corrected" by Defendants Chase and MERS only after the Vawters filed suit. Thus, the Vawters were entitled to their attorney's fees and costs, not the other way around.

## **ARGUMENT**

Defendant QLS is correct that under American law, the only time an award of attorney's fees is permitted is when a statute provides for it or if there is a contract provision. Aleyska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 247, 95 S. Ct. 1612, 44 L.Ed. 141 (1975). However, no such contract existed between the Vawters and Defendant QLS at the time that this lawsuit was initiated and none of the causes of action herein are related to the contract as it later amended by Defendant Chase, when it correctly appointed Defendant QLS as the trustee. The Vawters did not amend their Complaint nor allege any wrongdoing by Defendant QLS once the Successor Trustee was properly appointed and thus cannot be liable based upon a later amendment to the contract.

//

//

PLTFS' RESPONSE TO MOTION FOR ATTORNEY'S FEES - 3
Case no. 09-1585 JLR

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 1050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

A.  <u>At the time that the Vawters initiated this lawsuit, Defendant QLS was not the "trustee" and therefore was not a party to the Deed of Trust.</u>

By the admission of all of the Defendants herein, Defendant QLS was not appointed as the successor trustee when the Vawters initiated their lawsuit. It was appointed as the successor trustee months after they filed suit and after the case had been removed to federal court. Thus, to the extent that it can be construed as being a party to the contract as a Successor Trustee, it became so after the fact and that does not form the proper basis for an award of attorneys' fees in this case.

Further, Defendant QLS cannot properly assert that it is entitled to attorney's fees under Washington state law based upon RCW 4.84.030. None of the case law interpreting that statutory provision and cited by Defendant QLS discuss the ability of an agent of one of the parties to obtain attorney's fees. Defendant QLS is correct that the Deed of Trust only provides for an award of attorney's fees to the "Lender". Deed of Trust, ¶26. Necessarily the Trustee may only act on behalf of the Lender, according to the requirements of the Deed of Trust and the DTA, and thus is an agent of the Lender under the contract. The case of <u>Kezner v. Landover Corp.</u>, 87 Wn.App. 458, 466, 942 P.2d 1003 (1997) stands only for the proposition that the Lender can recover its attorney's fees under the contract. There is no mention of the trustee nor the trustee's right to recover its attorney's fees and there are no Washington cases which support such an assertion. Defendant QLS was not a party to the Deed of Trust at the time that the lawsuit was filed, and it is not entitled to any attorney's fees under the terms of the contract nor under any of the language in the DTA. This Court held in its Orders dismissing their claims, that had the Washington Legislature intended to allow borrowers to bring damages claims for violations under the DTA, it would have said so in the body of the statute. The

PLTFS' RESPONSE TO MOTION FOR ATTORNEY'S FEES - 4
Case no. 09-1585 JLR

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 1050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

Vawters strongly disagree with this analysis of the DTA, but certainly the same logic must be applied here by the Court. The Washington Legislature did not add any language to the Deed of Trust Act which allows a foreclosing trustee to recover its attorney's fees and therefore none should be awarded to Defendant QLS.

B.      The attorney's fees requested are not properly authenticated.

Even if this Court is inclined to consider awarding attorney's fees to Defendant QLS, it cannot do so because its attorney time records are unauthenticated except those of Ms. Stearns. Copies of the billing records indicate that at least three attorneys worked on the matter, as well as paralegals. The only person who signed the Declaration is Ms. Stearns, who can authenticate her own time records and perhaps those of paralegals that she supervised; however, she cannot authenticate the time records of other attorneys. It would be necessary for those attorneys to authenticate their own time records, as Ms. Stearns would not have personal knowledge about the work performed by other attorneys and/or paralegals that she did not supervise. FRE 803(6). To the extent that this Court intends to award any attorney's fees to Defendant QLS, it must do so based only upon those records which are properly authenticated.

//

//

//

//

//

//

//

//

//

PLTFS' RESPONSE TO MOTION FOR ATTORNEY'S FEES - 5
Case no. 09-1585 JLR

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 1050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

**CONCLUSION**

For all of the foregoing reasons, the Vawters maintain that this Court cannot grant Defendant QLS' Motion for Attorney's Fees. There is no statutory basis for such an award and it was not a party to the Deed of Trust when this case was initiated.

Dated this 16th day of May 2011.

                      LAW OFFICES OF MELISSA A. HUELSMAN, P.S.

                      /s/ Melissa A. Huelsman
                      Melissa A. Huelsman, WSBA No.30935
                      705 Second Avenue, Suite 1050
                      Seattle, Washington 98104
                      (206) 447-0103
                      (206) 447-0115 Fax
                      Attorney for Plaintiffs Henry and Rose Vawter

PLTFS' RESPONSE TO MOTION FOR ATTORNEY'S FEES - 6
Case no. 09-1585 JLR

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 1050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115