UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HENRY VAWTER, et al.,<br><br>        Plaintiffs,<br><br>        v.<br><br>QUALITY LOAN SERVICE CORPORATION OF WASHINGTON, et al.,<br><br>        Defendants. | CASE NO. C09-1585 JLR<br><br>ORDER DENYING MOTION FOR ATTORNEYS' FEES |

## I.  INTRODUCTION

Before the court is Defendant Quality Loan Service Corporation of Washington's ("QLS") motion for an award of attorneys' fees in the amount of $4,925.00. (Mot. for Fees (Dkt. # 72).) The instant motion involves whether QLS is entitled to an award of attorneys' fees pursuant to a provision in Plaintiffs Henry and Rose Vawter's ("the Vawters") deed of trust, when QLS initiated a nonjudicial foreclosure proceeding against the Vawters at a time when it had no authority to do so, but nevertheless ultimately

ORDER- 1

prevailed in the ensuing lawsuit brought by the Vawters. Having reviewed the submissions of the parties and the relevant law, the court DENIES QLS's motion (Dkt. # 72).

## II. BACKGROUND

The parties are familiar with the background of this litigation, and it has been previously recited by the court in detail. (Apr. 22, 2010 Order (Dkt. # 30) at 2–6; Dec. 23, 2010 Order (Dkt. # 54) at 2–5.) Accordingly, the court recounts only those facts pertinent to the motion at hand. This action began as a nonjudicial foreclosure proceeding against the Vawters. In late April 2009, Defendant JP Morgan Chase Bank, N.A. ("Chase") prematurely appointed QLS as the successor trustee under the deed of trust pertaining to the Vawters' residential property. (Apr. 22, 2010 Order at 4; Dec. 23, 2010 Order at 4–5.) QLS's appointment was premature because Chase was not yet the beneficiary under the deed of trust. (Apr. 22, 2010 Order at 4; Dec. 23, 2010 Order at 4.) Accordingly, Chase lacked the authority to appoint QLS as a successor trustee. *See* RCW 61.24.010(2). QLS nevertheless initiated foreclosure proceedings on the Vawters' residence. (Apr. 22, 2010 Order at 4–5; Dec. 23, 2010 Order at 4.) The Vawters commenced litigation and successfully halted the foreclosure. (Apr. 22, 2010 Order at 5; Dec. 23, 2010 Order at 5.) Only after the Vawters initiated their lawsuit did Chase properly reappoint QLS as the successor trustee and correct its previous, premature appointment of QLS. (*See* Mot. to Dismiss (Dkt. #11) at 7 n.4; Apr. 22, 2010 Order at 4; Dec. 23, 2010 Order at 4.)

1     The Vawters filed three claims against QLS: (1) intentional infliction of emotional distress; (2) wrongful foreclosure and breach of the duty of good faith under Washington's Deed of Trust Act ("DTA"), chapter 61.24 RCW ; and (3) violation of Washington's Consumer Protection Act ("CPA"), chapter 19.86 RCW.  (Notice of Removal (Dkt. # 1) (attaching Compl.).)  In addition, the Vawters sought a temporary restraining order.  (*See id.*)  Although all of the Vawters' claims against QLS were eventually dismissed, the Vawters did initially succeed in halting QLS's foreclosure proceeding on their residence. (Dec. 23, 2010 Order at 5.)

    The Vawters' deed of trust contains a unilateral attorneys' fees provision which reads, in part, that the "[l]ender shall be entitled to recover its reasonable attorneys' fees and costs in any action or proceeding to construe or enforce any term of this Security Instrument." (Mot. for Fees Ex. A ¶ 26.)  QLS now moves for an award of its attorneys' fees under this provision.

### III.   ANALYSIS

    Washington traditionally follows the American Rule regarding awards of attorneys' fees. *See City of Seattle v. McCready*, 931 P.2d 156, 160–61 (Wash. 1997). Under the American Rule, the prevailing litigant is not entitled to collect attorneys' fees from the non-prevailing litigant unless there is a statute or contract specifically allocating attorneys' fees, or some other equitable exception. *See Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec.*, 549 U.S. 443, 448 (2007).  In this case, QLS points to the contract embodied in the deed of trust which unilaterally allocates attorneys' fees to the lender. (Mot. for Fees Ex. A ¶ 26.)

ORDER- 3

In Washington, when there is a contract containing a unilateral attorneys' fees provision, such provision is deemed reciprocal, entitling the prevailing party to an award of attorneys' fees. *See* RCW 4.84.330. Specifically, RCW 4.84.330 reads, in part:

> In any action on a contract or lease . . . where such contract or lease specifically provides that attorneys' fees and costs, which are incurred to enforce the provisions of such contract or lease, shall be awarded to one of the parties, the prevailing party, whether he or she is the party specified in the contract or lease or not, shall be entitled to reasonable attorneys' fees in addition to costs and necessary disbursements.

RCW 4.84.330.

Thus, for RCW 4.84.330 to apply: (1) the action must be "on a contract or lease," (2) the attorney fee provision in the contract must be unilateral, and finally, (3) there must be a prevailing party. *See id.*; *Wachovia SBA Lending v. Kraft*, 158 P.3d 1271, 1274 (Wash. Ct. App. 2007), *aff'd,* 200 P.3d 683 (Wash. 2009). "[A]n action is on the contract if the action arose out of the contract and if the contract is central to the dispute." *Seattle First Nat. Bank v. Wash. Ins. Guar. Ass'n*, 804 P.2d 1263, 1270 (Wash. 1991). The prevailing party is "the party in whose favor final judgment is rendered." RCW 4.84.330. A final judgment is "[the] court's last action that settles the rights of the parties and disposes of all issues in controversy . . . ." *See Wachovia SBA Lending v. Kraft*, 200 P.3d 683, 688 (Wash. 2009) (quoting BLACK'S LAW DICTIONARY 859 (8th ed. 2004)).

The purpose of RCW 4.84.330 is to make unilateral fee provisions bilateral or reciprocal when a party to the contract receives a final judgment. *Id.* at 687. To preserve the mutuality of remedy intended by the statute, a prevailing party is entitled to its attorneys' fees only if the non-prevailing party would have been entitled to its fees had it

ORDER- 4

1  prevailed. *See*, e.g., *Yuan v. Chow*, 982 P.2d 647, 652 (Wash. Ct. App. 1999); *Mut. Sec.*
2  *Fin. v. Unite*, 847 P.2d 4, 8 (Wash. Ct. App. 1993); *Herzog Aluminum, Inc. v. Gen. Am.*
3  *Window Corp.*, 692 P.2d 867, 871–72 (Wash. Ct. App. 1984).

4        The issue before the court is whether QLS, the successor trustee under the
5  Vawters' deed of trust, is entitled to its attorneys' fees based on the foregoing provision
6  in the deed of trust as interpreted pursuant to RCW 4.84.330. Under Washington law, a
7  deed of trust is a security instrument involving three parties: (1) the borrower or grantor
8  (which here is the Vawters), (2) the lender or beneficiary, and (3) the trustee. *Pizan v.*
9  *HSBC Bank USA, N.A.,* No. C11-26Z, 2011 WL 2531104, at *6 (W.D. Wash. June 23,
10 2011). Although the attorneys' fees provision in the Vawters' deed of trust applies only
11 to the lender, QLS asserts that, by virtue of RCW 4.84.330, the provision must apply to
12 the other deed of trust parties as well. Further, QLS argues that because it ultimately
13 prevailed with regard to the Vawters' claims, it should be able therefore to collect its fees
14 based on that provision. The court, however, concludes that QLS is not entitled to its
15 attorneys' fees because the Vawters' claims against QLS were not "on the contract" and
16 awarding fees would be inconsistent with the mutuality of remedy rationale underlying
17 RCW 4.84.330.

18       First, the action was not "on the contract" because at the time the Vawters filed
19 suit, there was no contract between QLS and the Vawters: QLS was not a party to the
20 deed of trust. QLS does not dispute the fact that it was not technically the successor
21 trustee when it initiated foreclosure proceedings on the Vawters' residence. (*See* Mot. to
22

ORDER- 5

Dismiss at 7 n.4; Notice of Joinder (Dkt. # 14).)  Because Chase had not yet properly appointed QLS, it follows that QLS was not yet a party to the deed of trust.

In addition, the action was not "on the contract" because the Vawters' claims against QLS were tort or statutory claims that did not arise out of the deed of trust.  "[A]n action is on the contract if the action arose out of the contract and if the contract is central to the dispute." *Seattle First Nat. Bank*, 804 P.2d at 1270.  In contrast, if the action involves a breach of a duty imposed by a source other than the contract, such as a statute or common law, the action is not on the contract.  *Boguch v. Landover Corp.*, 224 P.3d 795, 798, 805 (Wash. Ct. App. 2009).  "A party may recover under a contractual fee-shifting provision . . . only if a party seeks to recover under a specific contractual provision."  *Id.*  Two of the Vawters' claims, breach of the duty of good faith under the DTA and violations of the CPA, arise from a duty imposed by statute.  (*See* Notice of Removal (attaching Compl.).)  Similarly, the third claim, intentional infliction of emotional distress, is a tort based on common law.  (*Id.*)  The Vawters' claims arose due to the actions QLS took initiating a foreclosure on the Vawters' property at a time when QLS was a stranger to the contract or deed of trust.  Although they were ultimately unsuccessful, the Vawters' claims against QLS for intentional infliction of emotional distress, wrongful foreclosure, and violation of the CPA would have arisen irrespective of the deed of trust.  Accordingly, their claims against QLS were not "on the contract" within the meaning of RCW 4.84.330, and QLS is not entitled to an award of its attorneys' fees.

Finally, the mutuality of remedy intended by RCW 4.84.330 does not support awarding QLS its attorneys' fees. Under RCW 4.84.330, the prevailing party is entitled to its attorneys' fees if the non-prevailing party would have been entitled to its fees under the contract if it had prevailed. *See, e.g.*, *Yuan*, 982 P.2d at 652. In deciding whether the non-prevailing litigant would have been entitled to attorneys' fees, courts analyze the specific language of the fee provision at issue. *See, e.g., id.*; *Mut. Sec. Fin.*, 847 P.2d at 8. The unilateral attorneys' fee provision in this case reads, in pertinent part, that the "[l]ender shall be entitled to recover its reasonable attorneys' fees and costs in any action or proceeding *to construe or enforce any term of this Security Instrument*." (Mot. for Fees Ex. A ¶ 26) (italics added).) Thus, the fee provision only awards attorneys' fees in the narrow situation when there is an "action or proceeding to construe or enforce" a term of the deed of trust. Because the Vawters' claims were tort or statutory claims seeking damages for QLS's actions outside of the contract or any of its terms, the attorneys' fees provision quoted above is inapplicable. Accordingly, the Vawters would not have been entitled to their attorneys' fees under this provision with regard to their claims against QLS even if they had prevailed on those claims. Having determined that the Vawters would not have been entitled to their fees under the deed of trust, the court concludes that the mutuality of remedy rationale does not support awarding attorneys' fees to QLS either. *See Mut. Sec. Fin.*, 847 P.2d at 8.

ORDER- 7

## IV. CONCLUSION

For the foregoing reasons, the court DENIES QLS's motion for an award of its attorneys' fees (Dkt. # 72).

Dated this 21st day of July, 2011

JAMES L. ROBART
United States District Judge

ORDER- 8